77648. RUCKER v. THE STATE.
(381 SE2d 91)

POPE, Judge.

Appellant was convicted of possession with intent to distribute heroin and was sentenced to serve twenty years. In this out-of-time appeal granted by the trial court, appellant challenges the trial court's refusal to suppress the evidence obtained in a search of appellant's luggage and appellant also raises the general grounds.

1. On May 3, 1978 Special Agent Paul Markonni observed passengers deplaning from a Delta flight from Los Angeles. At that time, Markonni knew Los Angeles was the primary source city for the distribution of brown heroin in the United States. Markonni's attention was drawn to appellant when he saw appellant asking a Delta employee about his connecting flight to Knoxville. Markonni noticed that the ticket did not have a baggage claim check attached and that appellant had no hand luggage.

Markonni went to the gate for the flight to Knoxville, identified himself as a police officer to the Delta employee and asked to see appellant's ticket. He learned it was in the name of James White, that it

was a one-way ticket and that it had been paid for in cash. The call-back number on the ticket appeared to be that of a hotel. Markonni called the number and learned that it was the La Casa Motor Inn in Los Angeles. The extension on the number was 106. Markonni asked the desk man if the hotel had rented a room to James White recently; he was told there had been no one by that name, rather, room 106 had been rented to a Rondal Rucker (appellant) of Detroit. Before being stationed in Atlanta, Markonni had worked for the Drug Enforcement Agency in Detroit and knew from his experience there that appellant was a significant heroin dealer. However, he had never actually seen appellant. While Markonni was doing this telephone check there was no surveillance of appellant.

Markonni, wearing casual clothes and displaying no weapon, approached appellant, who was standing at a vending machine. Markonni identified himself as a police officer and asked appellant if he would mind talking to him. Appellant agreed. Markonni noticed that appellant wore a necklace with a diamond pendant forming the initials "RR." Markonni asked appellant his name and was told "James White." He asked appellant for his ticket and saw that it was in the name of James White and that there were staple holes where the baggage claim check would normally be. He asked appellant for identification and appellant produced a Michigan driver's license in the name of James White. Appellant denied that he had any luggage and also denied having anything else in his wallet with his name on it in spite of Markonni's observation that the wallet was bulging with other items of obvious identification. At this point, Markonni arrested appellant for giving a false name to a peace officer.

Markonni then arranged with Delta to have appellant's luggage detained. Appellant refused to give consent to search his luggage. Markonni then obtained a search warrant from a Fulton County superior court judge and discovered heroin in the suitcase.

Appellant challenges the admission of this evidence on several grounds. We will deal with each in turn. Appellant first argues that in 1978 the use of the drug courier profile was still in its "experimental" phase and that appellant's arrest must be viewed from the legal perspective of 1978. We do not agree. An appellate court applies the law as it exists when the case is before it. *Rylee v. State*, 184 Ga. App. 401 (361 SE2d 546) (1987).

Appellant next argues that Markonni's stop of appellant exceeded the scope permitted by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) and *United States v. Mendenhall*, 446 U. S. 544 (100 SC 1870, 64 LE2d 497) (1980). We do not agree. In *Bothwell v. State*, 250 Ga. 573 (300 SE2d 126) cert. denied, 463 U. S. 1210 (1983), our Supreme Court did a comprehensive review of the law in this area. In Division 4, it noted the case of *United States v. Berry*, 670

F2d 583 (5th Cir. 1982), in which that court recognized the validity of the drug courier profile as an administrative tool to guide officers toward individuals on whom they should focus attention to determine whether a basis exists for specific and articulable suspicion that the person under scrutiny is smuggling drugs. This is the manner in which the profile was used in the present case. By the time Markonni approached appellant, he had reason to believe that appellant was traveling under a false name from the information he learned from the hotel. Moreover, he learned from the hotel that appellant, a known drug dealer had stayed in the room listed as the call-back number on the ticket in James White's name. Markonni estimated the time elapsed from the moment he first spoke to appellant to when he arrested him was a minute and a half. We find that the stop of appellant was permissible. *Verhoeff v. State*, 184 Ga. App. 501 (2) (362 SE2d 85) (1987); see *United States v. Pulvano*, 629 F2d 1151 (5th Cir. 1980).

There is no merit to appellant's contention that Markonni lacked the power to arrest appellant for giving a false name to a law enforcement officer. The law (now OCGA § 16-10-25, formerly Code Ann. § 26-2506) is not written in terms of misleading only law enforcement or peace officers of this state, but also applies to any law enforcement or peace officer. See OCGA § 16-1-3(11), formerly Ga. Code Ann. § 26-401(k) and *State v. Roulain*, 159 Ga. App. 233 (283 SE2d 89) (1981). From what Markonni had learned before talking with appellant and what he observed in his conversation with appellant, he had probable cause to believe appellant had given him a false name. Because the crime was committed in his presence, Markonni was entitled to arrest appellant as a private citizen. *Williams v. State*, 171 Ga. App. 807 (1) (321 SE2d 386), cert denied, 469 U. S. 1191 (1984).

There is also no merit to appellant's argument that Markonni improperly seized appellant's luggage. After appellant's arrest, a baggage claim check was found in his wallet, and agents arranged with Delta to get the bag. Such a detention of the luggage, without search, is permitted. *Mooney v. State*, 243 Ga. 373 (1) (254 SE2d 337) (1979). Finally, the search warrant issued by the superior court judge was not defective. As a federal officer, Markonni was permitted by Rule 41 of the Federal Rules of Criminal Procedure to apply to a state judge for a search warrant.

2. We find that the evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 14, 1989 —
REHEARING DENIED MARCH 29, 1989.

*Alice C. Stewart,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, R. Andrew Weathers, Assistant District Attorneys,* for appellee.