A95A2005. THE STATE v. HOLCOMB.
A95A2006. THE STATE v. DAVIS.
A95A2007, A95A2008. THE STATE v. DAVIS; and vice versa.
(464 SE2d 651)

JOHNSON, Judge.

Donald Chadwick Davis and Robert J. Davis were arrested on December 18, 1994. Ronald Allen Holcomb was arrested on December 20, 1994. All were charged by accusation with driving under the influence of alcohol to the extent it was less safe to drive. OCGA § 40-6-391 (a) (1). All three subsequently filed motions to suppress the results of state-administered intoximeter tests, because they were not fully advised of their rights to an independent test performed by qualified personnel, as required by OCGA § 40-6-392 (a). The trial court granted the motions to suppress in April 1995 and the state appeals. Case Nos. A95A2005, A95A2006 and A95A2007 present precisely the same issue and have been consolidated for consideration on appeal. Case No. A95A2008, in which Donald Chadwick Davis challenges the propriety of the underlying stop, will be addressed separately.

*Case Nos. A95A2005, A95A2006 and A95A2007*

In *Howard v. State*, 219 Ga. App. 228 (465 SE2d 281) (1995), this Court analyzed various recent legislative enactments concerning "implied consent" requirements in driving under the influence of alcohol cases. In *Howard*, we concluded that OCGA § 40-5-67.1 (b), which mandates that specific language be read upon arrest, only applies to those cases in which the offense was committed on or after April 21, 1995. In essence, the Court approved of the legislature's August abro-

gation of the retroactive application of the April amendment. Because the offenses in these cases were committed prior to April 21, 1995, strict compliance with the warning was not required. The failure to inform Holcomb, Davis and Davis that the independent tests may be performed by "qualified" personnel did not render the warning legally insufficient. See *Howard v. Cofer*, 150 Ga. App. 579, 580-581 (2) (258 SE2d 195) (1979). Applying the law as it now exists, we conclude that the trial court erred in granting the motions to suppress and reverse those rulings. See *Rucker v. State*, 191 Ga. App. 108, 109 (1) (381 SE2d 91) (1989).

## Case No. A95A2008

Donald Chadwick Davis complains that the court erred in denying his motion to suppress evidence on the ground that the police officer's stop of his car, after observing him cross over the solid white line to his right into the emergency lane and then drift left across numerous lanes on I-85 without signalling or ascertaining whether it was safe to do so, was pretextual.

Davis notes that the traffic citation he received at the time of his arrest charged him only with driving under the influence of alcohol. However, the accusation returned by the solicitor charged Davis with violating OCGA § 40-6-48, failure to maintain lane, in addition to driving under the influence of alcohol. Therefore, the offense is properly before the court. See *Ellerbee v. State*, 215 Ga. App. 102, 104-105 (3) (449 SE2d 874) (1994). Additionally, even if the officer had not cited or the solicitor ultimately accused Davis of the offense of failure to maintain lane, his driving could have constituted probable cause for the officer's stop. See *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994).

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). The evidence presented at the motion to suppress hearing in the instant case is that at 3:00 a.m. Officer Chris Myruk of the DeKalb County Police Department observed Davis driving in the right lane, northbound on I-85. After watching him drift over a solid white line into the emergency lane, Davis drifted across several lanes without signalling, ultimately reaching the far left lane. OCGA § 40-6-48 (1) provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such

movement can be made with safety." Even though the officer agreed that traffic was light on the highway at 3:00 a.m., he was prompted to stop Davis because he feared that Davis' own safety was being jeopardized by his driving. The trial court did not err in finding that the traffic stop was not pretextual and in denying the motion to suppress on that ground. See *Allenbrand*, supra at 610.

*Judgments reversed in Case Nos. A95A2005, A95A2006 and A95A2007. Judgment affirmed in Case No. A95A2008. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1995.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, C. Christopher Flinn, Chris M. Roshong, Assistant Solicitors*, for the State.
*Alan I. Begner*, for Ronald A. Holcomb.
*W. Henry Toler III*, for Robert J. Davis.
*John D. Stone*, for Donald C. Davis.