## A96A0066. THE STATE v. BOONE.
### (471 SE2d 53)

McMurray, Presiding Judge.

On April 6, 1995, defendant was arrested for driving under the influence of alcohol. He was later charged in an accusation with driving under the influence of alcohol, underage possession of alcohol and reckless driving. The trial court granted defendant's pretrial motion in limine to suppress the results of his State-administered breath test, relying on the parties' stipulation that defendant was not advised of the implied consent warnings prescribed in an April 21, 1995, amendment to OCGA § 40-5-67.1 (b), Ga. L. 1995, p. 1160 ("the April amendment"), "which mandates that specific language be read upon arrest." *State v. Holcomb*, 219 Ga. App. 231 (464 SE2d 651). While the April amendment was enacted after defendant's arrest, the trial court correctly determined that it was bound to suppress the results of defendant's breath test because the April amendment provided that the statute was applicable "to all cases pending at the time of its approval by the Governor, [cit.] to-wit, April 21, 1995." *State v. Martin*, 266 Ga. 244 (1) (466 SE2d 216).

The State filed this appeal from the trial court's order granting defendant's motion in limine. *Held*:

Since entry of the trial court's order granting defendant's motion in limine, "the General Assembly has . . . amended OCGA § 40-5-67.1 to include a subsection (b.1), which provides that the new version of OCGA § 40-5-67.1 (b) shall apply only to cases in which the offense was committed on or after April 21, 1995. 1995 Act EX1 (HB 10EX, effective upon Governor's signature, August 18, 1995) [("the August amendment")]. Subsection (b.1) specifically applies to all cases pending on the date it became effective by the Governor's signature, August 18, 1995. 1995 Act EX1, § 2. See *Miller v. Ga. Ports Auth.*, 217 Ga. App. 876, 878 (2) (460 SE2d 100) (1995). It is OCGA § 40-5-67.1 (b) which mandates specific language be used. . . . Any application of that subsection to a defendant such as [defendant in the case sub judice], whose offense was committed prior to April 21, 1995, and whose case was pending on August 18, 1995, has been effectively repealed by the General Assembly. 'An appellate court applies the law as it exists when the case is before it. (Cit.)' *Rucker v. State*, 191 Ga. App. 108, 109 (381 SE2d 91) (1989). The law as it stands does not apply the mandatory language of OCGA § 40-5-67.1 (b) (2) to [defendant in the case sub judice], and that amendment has no effect on his case." *Howard v. State*, 219 Ga. App. 228, 229 (2) (465 SE2d 281).

Notwithstanding, defendant asserts in the case sub judice that the August amendment has no impact upon the trial court's order granting his motion in limine because the August amendment vio-

lates ex post facto constitutional provisions and "is invalid as an unreasonable special law which seeks to amend general law." These assertions were rejected by the Georgia Supreme Court in *State v. Martin*, 266 Ga. 244, 245-246 (3), (4) and (5), supra. Consequently, since the record in the case sub judice establishes that the implied consent warnings the arresting officer read to defendant when defendant was arrested on April 6, 1995, satisfied the statutory requirements then in effect (former OCGA §§ 40-5-67.1 and 40-6-392), we must vacate the trial court's judgment, in the case sub judice, wherein defendant's motion in limine was granted. *Howard v. State*, 219 Ga. App. 228, 229 (2), 230-231, supra. Consequently, the case sub judice is remanded for the trial court to consider issues that were asserted by defendant in his motion in limine, but were not considered by the trial court previously.

*Judgment vacated and case remanded. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

*Kenneth W. Mauldin, Solicitor, Kelley M. Matthews, Assistant Solicitor*, for appellant.

*Lawrence S. McLarty*, for appellee.