A96A0300. THE STATE v. HUNTER.
(473 SE2d 192)

PER CURIAM.

Heather Ann Hunter was arrested and charged with driving under the influence of alcohol on November 11, 1994. After being read implied consent rights at the scene of the arrest, Hunter consented to a State-administered test of her breath for the purpose of determining whether she was under the influence of alcohol. The test was conducted on an Intoximeter 3000 machine which registered an alcohol concentration of 0.10 grams. On July 13, 1995, the trial court granted Hunter's motion seeking exclusion of the results of the breath test. The State appeals pursuant to OCGA § 5-7-1.

1. The first basis given by the trial court for excluding the breath test results was that the State administered the test on an Intoxi-

meter 3000 machine which was operated without all of its components prescribed by the manufacturer in good working order. The trial court concluded that this violated the validity requirements of OCGA § 40-6-392, as amended in April 1995, and that these requirements were retroactively applicable to Hunter's pending case.

In April 1995, the legislature amended provisions of OCGA § 40-6-392. The amended statute provided in part that for the State-administered test to be considered valid it must be conducted "on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order . . ." Ga. L. 1995, pp. 1160, 1163, § 4. Section 5 of the April 1995 act, which was not codified, provided that it "shall apply to all cases pending at the time of its approval by the Governor. . . ." Ga. L. 1995, p. 1164, § 5. The act was approved by the Governor on April 21, 1995.

It is undisputed that Hunter's State-administered breath test was given on the date of the arrest on an Intoximeter 3000 machine on which a component prescribed by the manufacturer known as the Taguchi cell had been disabled or overridden. Accordingly, the trial court correctly concluded that the test given by the State was not valid under the requirements of OCGA § 40-6-392 (a) (1) (A), as amended April 21, 1995. The trial court also correctly concluded that the requirements imposed under the April 1995 amendment applied to Hunter's pending case. The plain and unequivocal language of Section 5 of the April 1995 act makes the act retroactively applicable to all pending cases. See *State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996) (recognizing that, pursuant to Section 5, the April 1995 act "was expressly made applicable to pending cases by the Legislature"). The State argues that, based on the legislative history surrounding the enactment of the requirement at issue, we should disregard the plain language of the act and conclude the legislature did not intend a retroactive application to all pending cases. Although the legislative history which culminated in the present act may create some doubt as to the legislature's intention regarding the effective date of this requirement, we have no authority in this case to construe the act contrary to its plain language. Since we are unable to conclude that application of the plain language of the act would ascribe to the legislature a wholly unreasonable intention or would lead to absurd or wholly impracticable results, we have no authority to construe the act differently and are bound to follow the plain language as the sole evidence of legislative intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). The trial court correctly granted Hunter's motion and excluded the results of the breath test.

2. The second reason given by the trial court for excluding the breath test results was that the implied consent warning given to

Hunter in November 1994 when she was arrested was not sufficient because it was not identical to the implied consent warning required by OCGA § 40-5-67.1 (b), as amended by Ga. L. 1995, pp. 1160-1161, § 1, effective April 21, 1995. The trial court concluded in its July 13, 1995 order that the warning given to Hunter failed to comply with the mandatory language of the April 1995 amendment to OCGA § 40-5-67.1 (b) and that Section 5 of the April 1995 enactment expressly made the amended language applicable to Hunter's pending case. *Martin*, supra; Ga. L. 1995, p. 1164, § 5.

However, after the trial court reached its decision, the legislature amended OCGA § 40-5-67.1 during the 1995 Extraordinary Session by enacting Ga. L. 1995, Ex. Sess., p. 5, effective August 18, 1995. The August 1995 amendment retained the new implied consent warning contained in the April 1995 amendment to OCGA § 40-5-67.1 (b) and added subsection (b.1) to the statute. New subsection (b.1) provided that the April 1995 amended version of OCGA § 40-5-67.1 (b) applies only to cases in which the offense was committed on or after April 21, 1995, and that, for offenses committed prior to that date, the provisions governing the content of warnings of former Code sections 40-5-67.1 and 40-6-392 in effect at the time the offense was committed apply.

Accordingly, the August 1995 amendment rendered the new April 1995 warning requirements inapplicable to the November 1994 charge against Hunter. In *Howard v. State*, 219 Ga. App. 228 (465 SE2d 281) (1995), we applied the August 1995 amendment to OCGA § 40-5-67.1 to facts similar to those presented in this appeal. We determined that the implied consent warning given in that case to Howard in December 1994, which was the same warning given to Hunter in the present case, was sufficient because it complied with the warning requirements in effect at the time. In construing the August 1995 amendment to OCGA § 40-5-67.1, the Supreme Court reached the same conclusion on similar facts in *Martin*, supra. See also *State v. Holcomb*, 219 Ga. App. 231, 232-233 (464 SE2d 651) (1995); *Park v. State*, 220 Ga. App. 215 (469 SE2d 353) (1996).

Although the trial court's order concluding that the implied consent warning was not sufficient was correct when entered on July 13, 1995, it is erroneous under existing law. The above decisions applying the August 1995 amendment to OCGA § 40-5-67.1 make clear that the warning given to Hunter was sufficient because it complied with the requirements in effect at the time of the offense in November 1994. Nevertheless, pursuant to the ruling in Division 1, the trial court correctly excluded the results of the breath test.

*Judgment affirmed. Beasley, C. J., Andrews and Ruffin, JJ., concur. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn and Smith, JJ., concur specially.*

POPE, Presiding Judge, concurring specially.

I am forced to agree that the plain language of the Act compels this undesirable result. See Ga. L. 1995, p. 1164, § 5. Only the General Assembly can correct it, as it had to correct the language making the new implied consent warning requirements retroactively applicable to all pending cases. See Division 2. Clearly, retroactive application of laws imposing new requirements on arresting officers has a devastating effect on the prosecution of otherwise viable criminal cases. Now that this situation has arisen twice in the DUI context alone, perhaps the General Assembly will consider making new requirements applicable to all arrests on or after the law is signed, rather than all cases pending at that time.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong, Judge Johnson, Judge Blackburn and Judge Smith join in this special concurrence.

DECIDED JUNE 24, 1996.

*Ralph T. Bowden, Jr.*, Solicitor, *Michael A. Penn*, Assistant Solicitor, for appellant.
*John G. Cicala*, for appellee.