### A96A1322. CULLEN v. THE STATE.
(477 SE2d 620)

BIRDSONG, Presiding Judge.

Brian C. Cullen appeals his conviction in October 1995 for driving under the influence of alcohol and failure to maintain lane in November 1994. He contends the trial court erred by denying his motion in limine seeking to suppress evidence of the results from the Intoxilyzer 5000 because the Intoxilyzer 5000 had not been properly approved for use in the state at the time his breath was measured, because a proper foundation was not laid that the machine was operating with all its original components and parts, and because a certificate of calibration and maintenance and a certificate authorizing the Tyrone police to use the machine were not introduced. *Held*:

1. Cullen's allegation regarding the approval of the Intoxilyzer 5000 is controlled by *Corner v. State*, 223 Ga. App. 353 (477 SE2d 593). Accordingly, this enumeration of error is without merit.

2. Cullen's allegation that the trial court erred by admitting the results of the Intoxilyzer 5000 because the prosecution did not establish through the certificate required by OCGA § 40-6-392 (a) that the Intoxilyzer 5000 had all of its electronic and operating components attached and in working order, however, is controlled in his favor by *State v. Hunter*, 221 Ga. App. 837 (473 SE2d 192) and *State v. Kampplain*, 223 Ga. App. 16 (477 SE2d 143). Under OCGA § 40-6-392 (a) and (f) the prosecution was required to introduce the certificate of compliance required by OCGA § 40-6-392 (a). "The plain and unequivocal language of Section 5 of the April 1995 act makes the act retroactively applicable to all pending cases." *State v. Hunter*, supra. Accordingly, Cullen's conviction must be reversed and the case remanded to the trial court with instruction to grant Cullen's motion to suppress.

3. In view of our disposition in Division 2, Cullen's other enumerations are moot.

*Judgment reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED OCTOBER 16, 1996.

*Saia & Richardson, Joseph J. Saia*, for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.