## A96A2076. RAULERSON v. THE STATE.
(479 SE2d 386)

McMURRAY, Presiding Judge.

Defendant was charged in two Uniform Traffic Citations with driving with a suspended license and driving with a prohibited bodily alcohol concentration in violation of OCGA § 40-6-391 (a) (4). After the trial court denied defendant's motion to suppress, a jury found defendant guilty of the crimes charged. Defendant filed this appeal, challenging the admissibility of the results of her State-administered breath test, and contending the trial court erred in denying her motion to suppress. We agree that the trial court erroneously admitted the results of defendant's breath test without requiring the State to comply with all of the express and explicit admission requirements of OCGA § 40-6-392 (a) (1) (A). And we reverse the denial of defendant's motion to suppress because the arresting officer stopped defendant without specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.

While on early morning patrol on August 6, 1994, Trooper G. W. Rogers of the Georgia State Patrol passed an oncoming Mercedes Benz automobile traveling at a low rate of speed on Georgia Highway 32. Discerning no legitimate reason the old-model Mercedes Benz was traveling "between 25 and 30 miles an hour . . ." in a 55-mph speed zone, Trooper Rogers "turned [his patrol car] around on a curve . . . and started towards [the] vehicle to observe it a little bit closer. . . ." As the trooper closed in, however, the Mercedes Benz turned off the highway and headed down a dirt road. Trooper Rogers decided not to follow because he did not know whether the driver "lived at [a] residence [on the dirt road] or not." The trooper instead drove until his police cruiser was out of the suspect driver's sight. He then returned to the dirt road and observed the Mercedes Benz turn "back onto 32 [and head] back towards Patterson[, Georgia]." Trooper Rogers again followed the slow moving Mercedes Benz, this time observing "visible exhaust coming from the rear of the vehicle. . . ." Concluding that the suspect driver was "an impaired driver or a burglar[,]" Trooper Rogers stopped the Mercedes Benz and discovered defendant behind the driver's wheel. She smelled like alcohol and was not in possession of a valid driver's license. A subsequent breath test on the State's Intoximeter 3000 machine indicated that defendant had a bodily alcohol content of .15 percent. *Held*:

1. The trial court erred in admitting the results of defendant's breath test because the State failed to establish that its Intoximeter 3000 machine had all of its electronic and operating components attached and in working order as required by OCGA § 40-6-392 (a) (1) (A). *State v. Hunter*, 221 Ga. App. 837 (1) (473 SE2d 192); *State v. Kampplain*, 223 Ga. App. 16 (477 SE2d 143); *Cullen v. State*, 223 Ga.

App. 356 (477 SE2d 620).

2. Defendant contends the trial court erred in denying her motion to suppress because Trooper Rogers stopped her without specific, articulable facts giving rise to á reasonable suspicion that she was engaged in criminal conduct. We agree.

Although we construe the evidence most favorably to upholding the trial court's findings and judgment, "[t]his court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. *Brown v. State*, 190 Ga. App. 324, 326 (378 SE2d 908)." *Chastain v. State*, 196 Ga. App. 50 (1) (395 SE2d 570). To this end, we observe that " 'an officer may conduct a brief investigative stop of a vehicle [only when] such a stop [is] justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. . . . This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination.' (Citations and punctuation omitted.) *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993)." *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496).

In the case sub judice, Trooper Rogers testified that he stopped defendant because, at 1:20 in the morning, defendant was driving "between 25 and 30 miles an hour . . ." in a 55-mph speed zone, defendant turned onto a dirt road when he first began following her, and defendant returned to the highway — driving at a relatively slow rate of speed — after the trooper drove his patrol car out of defendant's sight. These reasons alone, however, do not support Trooper Rogers' conclusion that defendant was "an impaired driver or a burglar. . . ." See *State v. Goodman*, 220 Ga. App. 169, 170 (2) (469 SE2d 327). Trooper Rogers did not observe defendant weave in the highway, react slowly to oncoming traffic, endanger life or property, operate her car improperly, or otherwise demonstrate that she was intoxicated. The trooper's testimony shows only that defendant was driving an automobile, early in the morning, at a lawful rate of speed. Nonetheless, the State argues that Trooper Rogers was justified in stopping defendant because defendant's slow speed impeded the flow of traffic in violation of OCGA § 40-6-184 (a) (1) and because "visible exhaust" from defendant's old Mercedes Benz diesel automobile violated OCGA § 40-8-181 (a). These arguments are without merit.

First, defendant could not have been impeding the flow of traffic in violation of OCGA § 40-6-184 (a) (1) because — by Trooper Rogers' own admission — there was no traffic on the road for defendant to impede. Second, Trooper Rogers could not have justifiably stopped defendant for violating OCGA § 40-8-181 (a) because there is no proof that the trooper was equipped with a light transmission gauge prescribed by OCGA § 40-8-182 (a) for enforcement of this part of Geor-

gia's Vehicular Emission Control Act. Indeed, Trooper Rogers admitted upon cross-examination at the motion to suppress hearing that "it was excessive for [him] to write a visible exhaust [violation]." Further, just as in *State v. Jones*, 214 Ga. App. 593, 594, supra, Trooper Rogers' conclusion that defendant turned onto the dirt road to escape police detection of wrongdoing is an insufficient basis for an investigative stop. Accordingly, the trial court erred in denying defendant's motion to suppress. See *State v. Goodman*, 220 Ga. App. 169, 170 (2), supra.

3. We do not reach defendant's final enumeration of error in light of our holding in Division 2 of this opinion.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 14, 1996.

*Solomon & Edgar, M. Theodore Solomon II*, for appellant.
*Franklin D. Rozier, Jr.*, for appellee.