## A96A1918. HOBBS v. THE STATE.
(480 SE2d 330)

BIRDSONG, Presiding Judge.

Aubrey Clifton Hobbs, Jr. appeals his convictions for driving under the influence of alcohol. *Held*:

1. Hobbs contends the evidence is insufficient to sustain his conviction. Although Hobbs argues that the evidence showed he was not driving when he was stopped by the police, the arresting officer testified that he saw Hobbs driving the car. Further, notwithstanding the exclusion of the results of the Intoximeter 3000, see Division 2 below, the testimony from the police officer regarding Hobbs' ability to drive safely is sufficient to establish Hobbs' guilt. On appeal we view the evidence in the light most favorable to the verdict, Hobbs no longer enjoys the presumption of innocence, and this Court neither determines the sufficiency of the evidence, weighs the evidence, nor judges the witnesses' credibility. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Hobbs guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

2. Hobbs also contends the trial court erred by denying his motion in limine seeking to exclude the results of the Intoximeter 3000 because the test violated OCGA § 40-6-392 (a) (1) as the test was conducted on a machine that was operated without all the parts prescribed by the manufacturer. As there is no dispute that the machine did not have all those parts, this case is controlled by our decisions in *State v. Kampplain*, 223 Ga. App. 16, 17-19 (477 SE2d 143) and *State v. Hunter*, 221 Ga. App. 837, 838 (473 SE2d 192). Although it is true that this test was conducted before this version of OCGA § 40-6-392 (a) (1) was passed, the terms of the statute made this provision applicable to cases pending when the Act was approved by the Governor. Because this case was pending on that date, the provisions of the Code section apply even though it was impossible for the police to have complied with them. Nevertheless, we must follow the plain language of the statute. *State v. Hunter*, supra. Accordingly, Hobbs' convictions must be reversed and the case remanded to the trial court with direction to grant the motion in limine so that the results of the Intoximeter 3000 are excluded. "Moreover, nothing in this opinion is intended to preclude the State from proving a DUI offense by other admissible evidence." *State v.*

*Kampplain*, supra at 19.

3. In view of our disposition in Division 2, Hobbs' other enumerations of error are moot and are not likely to arise again upon further prosecution.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

### DECIDED JANUARY 22, 1997.

*Lee Sexton*, for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.