A97A2195. THE STATE v. TEMPLEMAN.
(492 SE2d 902)

ELDRIDGE, Judge.

The State challenges the trial court's grant of defendant Ralph W. Templeman's motion to suppress evidence. We affirm.

In this case, the evidence at the motion hearing showed the following: at approximately 10:15 p.m. on January 9, 1997, Templeman was driving eastbound on Cedar Street in Carrollton, Carroll County. At the same time, Officer Diamond was driving westbound on Cedar Street. When the officer arrived at the intersection of Cedar Street and Bankhead Highway, he stopped before making a left hand turn. Templeman was facing the intersection from the opposite direction, but the officer noticed that Templeman had stopped in the roadway approximately 25 to 50 feet before the intersection. The officer watched Templeman, who remained stopped for 45 to 60 seconds while facing a green traffic light. Officer Diamond testified that he became concerned that Templeman might be under the influence of alcohol, passed out behind the wheel, experiencing a medical problem, or otherwise impaired. However, as Officer Diamond moved slowly into the intersection, Templeman drove forward through the intersection and down the street. Officer Diamond testified that he then directed another police officer in the immediate area, Officer Saria, to stop Templeman.

Officer Saria testified that he pulled Templeman over upon Officer Diamond's direction. When asked for his driver's license, Templeman replied that he did not have a license and gave the officer an identification card. A computer check established that Templeman was a habitual violator. Templeman was arrested and charged as a habitual violator under OCGA § 40-5-58 (c).

However, Templeman testified at the motion hearing that he stopped in the roadway just long enough to pick up his friend, Mark Alan Stack. Stack also testified at the hearing and stated that he had just left work and was walking home when he flagged down Templeman, who stopped his car to let Stack get inside.

"It is well established that in a motion to suppress the trial judge sits as the trier of fact, and that holds true even when there is a conflict in the evidence presented. The credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony. The factfinder may accept part of a witness' testimony and reject another part, and in the absence of evidence or record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress." (Citations and punctuation omitted.) *State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989); *State v. Nichols*, 196 Ga. App. 709 (397 SE2d 3) (1990); see also *Anderson v. State*, 267 Ga. 116 (475 SE2d 629) (1996); *Tate v. State*, 264 Ga. 53, 56, n. 5 (440 SE2d 646) (1994).

In determining whether or not evidence discovered as a result of a traffic stop should be suppressed, we note that "an officer may conduct a brief investigative stop of a vehicle only when such a stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination." (Citations and punctuation omitted.) *Raulerson v. State*, 223 Ga. App. 556, 557 (479 SE2d 386) (1996).

The trial court granted Templeman's motion to suppress following a May 6, 1997 hearing, finding that there was an explanation for Templeman's brief stop in the roadway and that the officers' reasons for stopping Templeman were "a little bit thin" and "borderline." The evidence supports the trial court's observations. There is no indication that Templeman was actually violating a law when he briefly stopped in the roadway; he was not impeding traffic, although Officer Diamond claimed that he could not make his left hand turn until Templeman passed through the intersection. Templeman provided a logical explanation for stopping, which was corroborated by Stack. Although Officer Diamond testified that he was concerned about Templeman's well-being at the time of the stop, such concerns should have been dispelled when Templeman proceeded to drive normally through the intersection and down the road, without further inci-dent.

Under such circumstances, there was no error in the trial court's finding that the stop by the police officers was unjustified and in the subsequent grant of Templeman's motion to suppress. See *State v.*

*Holler*, 224 Ga. App. 66 (479 SE2d 780) (1996); *Raulerson*, supra; *Streicher v. State*, 213 Ga. App. 670 (445 SE2d 815) (1994).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 22, 1997.

*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellant.

*Word & Simmons, Gerald P. Word, William K. Baldwin*, for appellee.

Ralph W. Templeman, *pro se.*