## A99A1043. STRAWSER v. THE STATE.
### (520 SE2d 750)

JOHNSON, Chief Judge.

Charles Strawser was convicted of driving while under the influence of alcohol. He appeals, contending the trial court erred in denying his motion to suppress because there was no reasonable, articulable suspicion justifying the stop of his car. We agree and reverse.

In reviewing a trial court's ruling on a motion to suppress, this court construes the evidence most favorably to uphold the findings and judgment of the trial court. *Pickens v. State*, 225 Ga. App. 792 (1) (484 SE2d 731) (1997). So construed, the evidence shows that a police officer was dispatched to pick up a mother and daughter who were out walking in Warner Robins just before midnight. The mother, who was Strawser's wife, was crying and told the officer that she and the child left Strawser's mother's home after arguing with Strawser. The argument was verbal and did not involve any physical altercation or violence. She did not tell the officer what the argument was about, just that she wanted to go home. The officer drove Strawser's wife back to her mother-in-law's residence to get her belongings. Strawser was not there at the time, having left to find his wife and daughter.

A second officer arrived, and while the officers and Strawser's family were standing outside the home, a truck came down the street. Strawser's wife told the officers that Strawser was driving the truck. Strawser drove past the house, around the cul-de-sac, and past the house again. The officers did not see Strawser commit any traffic

violations, but thought it was "odd" that Strawser did not stop at his mother's house to check on his wife and daughter. One of the officers followed and then stopped Strawser to "get his side of the story." He asked Strawser why he did not stop at his mother's house. Strawser replied that he did not stop because he did not want to be arrested for DUI. The officer administered field sobriety tests and then placed Strawser under arrest for DUI.

Strawser moved to suppress evidence obtained as a result of the traffic stop. In denying Strawser's motion to suppress, the trial court remarked that there was "obviously no criminal activity on the part of [Strawser]," but that the stop was justified because the officers needed to investigate and resolve the domestic dispute.

In determining whether evidence discovered as a result of a traffic stop should be suppressed, we consider the following:

> An officer may conduct a brief investigative stop of a vehicle only when such a stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination.

(Citation and punctuation omitted.) *State v. Templeman*, 229 Ga. App. 6, 7 (492 SE2d 902) (1997).

In this case, the officers articulated no facts supporting a suspicion that Strawser was committing or was about to commit any crime when he drove past his mother's house without stopping. In fact, neither officer testified that they even suspected Strawser was committing or was about to commit any crime, traffic or domestic. As to Strawser's manner of driving, the officer who stopped Strawser testified that he saw Strawser do nothing wrong. The officer also testified that he did not believe the dispute involved family violence; he agreed that had it been a family violence situation, he would have had probable cause to arrest Strawser without getting "his side of the story." Under the circumstances presented here, the trial court erred in finding that the stop was justified. See *Templeman*, supra; *Oboh v. State*, 217 Ga. App. 553, 555 (458 SE2d 177) (1995).

*Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED JULY 14, 1999.

*Gregory W. Holt, Laurens C. Lee*, for appellant.
*A. Robert Tawse, Jr., Solicitor*, for appellee.