### A02A0956. MARTIN v. THE STATE.
(571 SE2d 459)

BARNES, Judge.

Susan E. Martin appeals the trial court's denial of her motion to suppress evidence following a traffic stop. Because we conclude that the arresting officer lacked a reasonable articulable suspicion for stopping Martin's car, we reverse.

The evidence at the motion hearing showed that Martin was stopped at a traffic light when a Cherokee County deputy sheriff's

---

car approached her from behind. The officer testified that he did not know what color the light was when he first crested the hill before the traffic light. But as he approached Martin's car, the light was green and Martin was not proceeding through the intersection. The officer testified that he was within two or three seconds of having to make a complete stop before Martin began moving forward. The road was four lanes wide, with turn lanes to the right and left and two lanes continuing straight ahead. A car in the left lane was driving through the intersection, and no other cars besides Martin's were on the road. The officer initiated a traffic stop because, as he said, Martin had "impeded my flow of traffic through the intersection." There was nothing unusual about how Martin drove through the intersection, and the fact that she was sitting still under a green light was the only suspicious behavior the officer saw. He cited her for impeding the flow of traffic in violation of OCGA § 40-6-184[1] and for DUI.

Martin testified that she was stopped at a red light when her cell phone rang. No cars were behind her. She reached down to pick up the phone to answer it, and when she looked up the light was green, so she put the phone down, manually shifted from neutral into first gear, and started forward. The total length of time between when the phone rang and when she began moving forward was two or three seconds. When the officer stopped her, she explained that she had been answering her cell phone.

The trial court determined that the issue before it was whether the officer's stop was based on a reasonable articulable suspicion of criminal activity and held that it was because "the officer was impeded in his flow."

When we review a trial court's decision on a motion to suppress, this Court must ensure that a substantial basis exists for the decision. *Raulerson v. State*, 223 Ga. App. 556, 557 (2) (479 SE2d 386) (1996). "We construe the evidence most favorably to upholding the trial court's decision and will not disturb the trial court's findings as to disputed facts and questions of credibility unless they are clearly erroneous." *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996).

An officer may briefly stop a vehicle to investigate only if the stop is justified by specific, articulable facts sufficient to give rise to a

---

[1] OCGA § 40-6-184 (a) provides:
(1) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation. (2) On roads, streets, or highways with two or more lanes allowing for movement in the same direction, no person shall continue to operate a motor vehicle in the most left-hand lane at less than the maximum lawful speed limit once such person knows or should reasonably know that he is being overtaken in such lane from the rear by a motor vehicle traveling at a higher rate of speed, except when such motor vehicle is preparing for a left turn.

reasonable suspicion of criminal conduct, that is, by "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Citations and punctuation omitted.) *Postell v. State of Ga.*, 264 Ga. 249 (443 SE2d 628) (1994).

In this case, Martin was not impeding the flow of traffic. The officer testified that he was within two or three seconds of even having to make a complete stop when Martin began moving through the intersection. We affirmed the grant of a suppression motion in a strikingly similar case, in which the defendant stopped 25 to 50 feet before the intersection and waited 45 to 60 seconds before moving through it, explaining that he had stopped to pick up a friend who had been walking home. *State v. Templeman*, 229 Ga. App. 6 (492 SE2d 902) (1997). In that case, no evidence showed that the defendant "was actually violating a law when he briefly stopped in the roadway; he was not impeding traffic, although [the officer] claimed that he could not make his left turn until [the defendant] passed through the intersection." Id. at 7. Further, the defendant provided a logical explanation for stopping; and while the officer testified he was concerned for the defendant's well-being, "such concerns should have been dispelled when [the defendant] proceeded to drive normally through the intersection and down the road, without further incident." Id.

In this case, no factual dispute exists regarding how long Martin remained stopped at the green light. The officer presented no evidence in this regard, because he did not look at the traffic light while he was coming down the hill toward it; he only knew that it was green when he had to slow down behind Martin's car, and thus he did not know how long the light had been green. Martin, on the other hand, did present evidence regarding how long the light was green before she began moving forward: only long enough for her to look down to find her ringing cell phone and look up again, then manually put her car into gear. Merely delaying one's start momentarily at an intersection is not impeding the flow of traffic on a four-lane road. In this case, the officer had no reasonable articulable suspicion of criminal conduct, and therefore we reverse the trial court's denial of Martin's motion to suppress.

*Judgment reversed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED SEPTEMBER 18, 2002.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.

*G. Channing Ruskell, Solicitor-General, Anthony B. Williams, Assistant Solicitor-General*, for appellee.