[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

No. 10-12839
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00098-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY TODD BOWDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

After a jury trial, Gregory Bowden appeals his conviction and 250-month sentence for attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). After review, we affirm.

## I. BACKGROUND FACTS

In October 2008, an agent with a Federal Bureau of Investigation ("FBI") task force encountered Bowden in an internet chat room. The FBI agent posed as "Tiffany," the mother of "Stephanie," a seven-year old girl. After communicating about their personal lives, including details of their alleged sexual experiences, Bowden told "Tiffany" he was interested in a sexual relationship with a mother and her daughter and gave Tiffany his email address.

In early February 2009, "Tiffany" and Bowden began chatting online about arranging a meeting. Bowden lived in Macon, Georgia. Bowden arranged to meet Tiffany and Stephanie on February 11, 2009 at a restaurant in Sandy Springs, Georgia and then go to Tiffany's apartment to engage in group sexual activities. In his communications with Tiffany, Bowden took steps to ensure Tiffany understood that he wanted Stephanie to participate, that Tiffany had spoken to

2

Stephanie about what would happen and that Tiffany would purchase "lube" for him to use with Stephanie.[1]

On February 11, 2009, law enforcement arrested Bowden when he parked in the parking lot of the agreed-upon restaurant. After his arrest, Bowden admitted frequenting online chat rooms using the screen name utilized in the communications with Tiffany. However, Bowden maintained that he did so to enjoy taboo subjects, role-playing and having sex with adults who pretended to be minors. A subsequent search revealed child pornography on Bowden's computer.

Before trial, Bowden moved to dismiss the indictment, arguing that: (1) 18 U.S.C. § 2422(b) did not cover his conduct because he communicated with an intermediary, the purported parent of a minor, rather than directly with a minor; (2) the doctrine of legal impossibility precluded his prosecution because no actual minor was involved; and (3) as discussions of sexual fantasies between adults, his communications with Tiffany were protected by the First Amendment.

On August 19, 2009, a magistrate judge entered a report and recommendation ("R&R") that recommended denying the motion. The R&R

---

[1]At the time of his arrest, Bowden worked as a Deputy Sheriff at the Bibb County Sheriff's Office. In an instant message, Bowden asked Tiffany whether she was a law enforcement officer and, when she reassured him that she was not, Bowden stated, "Just discussing it with you if you are a cop is bad, but to show up is worse." In a communication the morning of February 11, 2009, Bowden told Tiffany he was "nervous, excited, and did not want to go to jail."

concluded that Eleventh Circuit precedent foreclosed Bowden's first two arguments and that the First Amendment did not protect Bowden's communications with Tiffany. The R&R advised the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had ten days to file objections.[2] After neither party objected to the magistrate's report and recommendation, on October 2, 2009, the district court adopted it and denied Bowden's motion to dismiss the indictment. The district court agreed with the R&R that Bowden's third-party intermediary and legal impossibility arguments were foreclosed by Eleventh Circuit precedent and that, under Supreme Court precedent, Bowden's communications with Tiffany to arrange the sexual abuse of a child were not protected by the First Amendment.

Following a three-day trial, a jury convicted Bowden of violating § 2422(b). The presentence investigation report ("PSI") recommended: (1) a base offense level of 28, pursuant to U.S.S.G. § 2G1.3(a)(3); (2) a two-level increase, pursuant to U.S.S.G. § 2G1.3(b)(3), because Bowden's offense involved the use of a computer; (3) an eight-level increase, pursuant to U.S.S.G. § 2G1.3(b)(5), because the offense involved a minor under the age of twelve; and (4) a two-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, because Bowden

---

[2]Effective December 1, 2009, 28 U.S.C. § 636 was amended to provide fourteen days, rather than ten, to object to a magistrate judge's recommendation. See Statutory Time-Periods Technical Amendments Act of 2009, Pub. L. No. 111-16, § 6(1), 123 Stat. 1608 (2009).

committed perjury at trial. With a total offense level of 40, and a criminal history category of I, the PSI recommended an advisory guidelines range of 292 to 365 months' imprisonment.

Bowden filed written objections to the three offense level enhancements. Bowden did not object to the PSI's factual statements.

At sentencing, the district court overruled Bowden's objections and applied the PSI's guidelines calculations, which yielded an advisory guidelines range of 242 to 365 months. Bowden asked for a 120-month sentence, the statutory mandatory minimum. After Bowden personally addressed the court, the district court imposed a 250-month sentence. Bowden appealed.

## II. DISCUSSION

### A. Motion to Dismiss the Indictment

On appeal, Bowden seeks to challenge the district court's denial of his motion to dismiss the indictment. Specifically, Bowden reasserts that he cannot be prosecuted for violating § 2422(b) because: (1) he communicated with an intermediary, who in turn induced a minor to engage in sexual conduct; and (2) those communications are protected by the First Amendment.[3] However, under

---

[3]Although Bowden's appellate brief lists in the statement of the issues "[w]hether the District Court erred by ruling that an actual minor child is not required for 18 U.S.C. § 2422(b) to apply," the brief offers no substantive argument or citation to legal authority as to this issue.

5

Federal Rule of Criminal Procedure 59(b)(2), Bowden waived these challenges because he failed to object to the magistrate judge's R&R.

Under Rule 59(b)(2), a party waives the right to review of a claim if he does not file "specific written objections" within the time set by the court or within fourteen days of being served with the report and recommendation. Fed. R. Crim. P. 59(b)(2). Waived claims are not reviewed for plain error. United States v. Lewis, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc).

Bowden did not file any written objections within the ten-day period set by the court. Therefore Bowden has waived appellate review of the denial of his motion to dismiss the indictment.

We note that the magistrate judge's R&R erroneously advised the parties that the failure to object would result in plain error review on appeal. However, even if we reviewed for plain error, we would affirm. Both of Bowden's arguments on appeal are foreclosed by this Circuit's precedent. See United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004) (concluding that negotiating with

---

Accordingly, Bowden has abandoned it. See Fed. R. App. P. 28(a)(9)(A); United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that an issue was abandoned where the defendant's brief made only "passing references" to the issue). In any event, there is no error with regard to this issue. See United States v. Rothenberg, 610 F.3d 621, 626 (11th Cir. 2010) ("It is . . . the clearly established law of the circuit that to prove an attempted exploitation offense under 18 U.S.C. § 2422(b), the Government does not have to prove the existence or identity of a specific minor victim; a fictitious minor will suffice so long as the defendant understood and believed that a minor was involved.").

the purported father of a minor falls within the purview of § 2422(b) and rejecting argument that a § 2422(b) defendant must communicate directly with the minor or supposed minor); United States v. Lee, 603 F.3d 904, 912-13 (11th Cir.) (relying on Murrell to explain that a defendant may be convicted under § 2422(b) "even though he communicated only with an adult intermediary"), cert. denied, 131 S. Ct. 437 (2010); United States v. Hornday, 392 F.3d 1306, 1311 (11th Cir. 2004) (rejecting argument that applying § 2422(b) to conduct of engaging in conversations with an undercover police officer posing as a 13-year-old minor violated defendant's First Amendment rights and explaining that "[s]peech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime").

## B.    Section 3G1.3(b)(3)(A) Enhancement

Pursuant to U.S.S.G. § 2G1.3(b)(3)(A), a defendant's offense level is increased by two levels "[i]f the offense involved the use of a computer or an interactive computer service to . . . persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct . . . ." U.S.S.G. § 2G1.3(b)(3)(A). This enhancement "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor

or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3 cmt. n.4.[4]

On appeal, Bowden does not dispute that he communicated by e-mail with an undercover FBI agent in order to arrange for sexual relations with a fictitious seven-year-old girl. As Bowden acknowledges, this Court has affirmed the application of § 2G1.3(b)(3)'s two-level enhancement where the defendant used a computer to communicate with an undercover police officer in an effort to gain access to minors with which to engage in sexual conduct. See, e.g., United States v. Vance, 494 F.3d F.3d 985, 996-97 (11th Cir. 2007). To the extent Bowden asks us to reconsider our earlier panel opinion, we cannot do so. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc.").

Bowden argues that his computer use is not a proper "specific offense characteristic" under the Sentencing Guidelines because it was necessary to establish federal jurisdiction and does not distinguish his offense from other § 2422(b) violations. See U.S.S.G. ch. 1, pt. A.3 (explaining that the Sentencing

_____

[4]We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

Commission took an "empirical approach" to drawing distinctions among offense and offender characteristics).

Bowden provides no authority to support his claim that the district court may disregard a specific offense enhancement under the Sentencing Guidelines based on a policy disagreement. Although the Sentencing Guidelines are advisory after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court still must calculate the advisory guidelines range correctly. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[5]

In any event, Bowden's argument is meritless. Bowden's use of an Internet-connected computer was sufficient, but not necessary, to establish § 2422(b)'s jurisdictional component. See 18 U.S.C. § 2422(b) (providing that jurisdiction is established when the defendant uses the "mail or any facility or means of interstate or foreign commerce"). Thus, Bowden's computer use not only established

---

[5]Bowden argues only that the district court calculated his advisory guidelines range incorrectly. He does not argue that his 250-month sentence is substantively unreasonable or that the district court should have given him a downward variance from the correctly calculated advisory guidelines range. Cf. Kimbrough v. United States, 552 U.S. 85, 96-97, 109-10, 128 S. Ct. 558, 567, 575 (2007) (concluding that the lack of empirical data to support, and disagreement with, the Sentencing Guidelines's 100:1 sentencing ratio for crack and powder cocaine offenses was one factor district courts could consider in deciding whether to vary downward from the advisory guidelines range). While Kimbrough indicates that, under certain circumstances, a district court may vary from the advisory guidelines range based on a policy disagreement with a specific guidelines provision, it did not suggest that the district court could disregard the guidelines provision in calculating the applicable guidelines range.

federal jurisdiction, it also distinguished his offense from a range of potential § 2422(b) violations. The Sentencing Commission's decision to impose a two-level enhancement for this specific form of the offense reflects its judgment that the use of a computer, as opposed to a telephone or the mail, is a more pernicious form of exploitation that, as the district court noted, raises dangers that may not be present through other mediums. We find no error in the district court's application of § 2G1.3(b)(3)(A)'s two-level enhancement.

## C.    Section 2G1.3(b)(5) Enhancement

Under U.S.S.G. § 2G1.3(b)(5), a defendant's offense level is increased by eight levels if "the offense involved a minor who had not attained the age of 12 years." U.S.S.G. § 2G1.3(b)(5). A "minor," is defined, in part, as "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct . . . ." U.S.S.G. § 2G1.3 cmt. n.1.

Bowden argues that the district court erred in applying the eight-level enhancement because the under-twelve threshold is arbitrary and unsupported by empirical evidence. Again, Bowden does not cite any authority supporting his

contention that the district court may decline to apply a specific offense enhancement based on a policy disagreement with the Sentencing Guidelines.

Furthermore, Bowden has not shown that the Sentencing Commission's line-drawing in § 2G1.3(b)(5) is arbitrary. The eight-level enhancement reflects the Sentencing Commission's judgment that a sex offense covered by § 2G1.3 that involves a child under the age of twelve, even a fictitious one, is more serious. As the government notes, children under the age of twelve generally are regarded as pre-pubescent, and to draw the line between pre- and post-pubescent minors is not arbitrary. See, e.g., 18 U.S.C. § 2241(c) (imposing a higher mandatory minimum sentence if a defendant travels across state lines to engage in sex with a minor under the age of twelve); 18 U.S.C. § 2244(c) (doubling the statutory maximum sentence if the sexual contact is with a child under the age of twelve).

Bowden does not dispute that his § 2422(b) offense involved a fictitious seven-year-old girl whom Bowden was trying to meet for the purpose of engaging in sexually explicit conduct with her. Accordingly, the district court did not err in applying the § 2G1.3(b)(5) eight-level enhancement.

**AFFIRMED.**

11