*U.S. v. Kohlmeier*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-one.

PRESENT:  Guido Calabresi,
 Steven J. Menashi,
  *Circuit Judges*,
 Denise Cote,*
  *Judge.*

_____

United States of America,

 *Appellee*,

 v.                                                           No. 19-3678

John Kohlmeier,

 *Defendant-Appellant.*

_____

\* Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

*For Appellee*:                              Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

*For Defendant-Appellant*:           James S. Wolford, Gallo & Iacovangelo, LLP, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John Kohlmeier pleaded guilty to a single count of knowing enticement of a minor in violation of 18 U.S.C. § 2422(b), for which he was sentenced principally to 300 months' imprisonment. He appeals from the judgment arguing that the district court impermissibly double-counted when calculating his Guidelines sentence range by applying overlapping enhancements to his offense level. We disagree and affirm the judgment and sentence imposed by the district court. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

2

**I**

Kohlmeier and co-defendant Bonnie Hughes sexually abused a 10-year-old girl in 2018. On April 2, 2019, Kohlmeier waived indictment and pleaded guilty to a single count of knowing enticement of a minor in violation of 18 U.S.C. § 2422(b). In the written plea agreement, the parties agreed to the application of specific offense characteristic enhancements. As relevant to this appeal, these enhancements included a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B) because the defendant unduly influenced the minor to engage in prohibited sexual activity and a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(A) because the offense involved the use of a computer.

Before sentencing, the Probation Office prepared a Presentence Investigation Report that applied an eight-level increase to Kohlmeier's offense level pursuant to U.S.S.G. § 2G1.3(b)(5) because the offense involved a minor under the age of 12.[1] This enhancement was not included in the plea agreement. Kohlmeier objected to the application of § 2G1.3(b)(5), arguing that its application

---

[1] U.S.S.G. § 2G1.3(b)(5) states in relevant part:

> If … the offense involved a minor who had not attained the age of 12 years, increase by 8 levels.

3

would constitute unconstitutional double-counting when applied together with § 2G1.3(b)(2)(B)[2] and § 2G1.3(b)(3)(A).[3]

The district court disagreed and, applying the enhancement in § 2G1.3(b)(5), calculated that the resulting advisory Guidelines sentence was life imprisonment. The district court imposed a sentence consisting principally of 300 months' imprisonment. Kohlmeier timely appealed.

## II

Kohlmeier's only argument on appeal is that the district court engaged in unconstitutional double-counting when it applied § 2G1.3(b)(5)—which enhances the offense level if the offense involved a minor under 12 years of age—together with § 2G1.3(b)(2)(B) and § 2G1.3(b)(3)(A)—which enhance the offense level if the defendant exerted undue influence on a minor and if the offense involved the use of a computer, respectively. He argues that because § 2G1.3(b)(2)(B) and

---

[2] U.S.S.G. § 2G1.3(b)(2)(B) states in relevant part:

> If … a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by 2 levels.

[3] U.S.S.G. § 2G1.3(b)(3)(A) states:

> If the offense involved the use of a computer or an interactive computer service to … persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct … increase by 2 levels.

§ 2G1.3(b)(3)(A) are applicable only to sex offenses involving minors, an additional enhancement for a crime against a minor under the age of 12 is impermissibly duplicative. We disagree.

We review a district court's application of the Guidelines *de novo. United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011). "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the Guidelines." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (alterations omitted); *see United States v. Johnson*, 221 F.3d 83, 99 (2d Cir. 2000). Conversely, "when the challenged part of the Guidelines aims at different harms emanating from the same conduct, there is no impermissible double counting." *Watkins*, 667 F.3d at 261 (internal quotation marks and alteration omitted). Therefore, "[e]nhancements are not duplicative when they reflect different facets of the defendant's conduct." *Id.* at 261-62.

Here, each enhancement "reflect[s] different facets of [Kohlmeier's] conduct." *Id.* at 261-62. Section 2G1.3(b)(5) reflects the seriousness of sex offenses involving a child under the age of 12. *See United States v. Bowden*, 420 F. App'x 907, 912 (11th Cir. 2011) (noting that "[t]he eight-level enhancement reflects the

5

Sentencing Commission's judgment that a sex offense covered by § 2G1.3 that involves a child under the age of twelve … is more serious" and citing provisions of the U.S. Code that impose higher penalties for sex offenses involving children under the age of 12). That an offense involved a minor does not make it duplicative of the enhancement for children under the age of 12 because Kohlmeier could have received enhancements pursuant to both § 2G1.3(b)(2)(B) and § 2G1.3(b)(3)(A) without receiving an enhancement pursuant to § 2G1.3(b)(5) had the victim not been under the age of 12. *United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020) (noting that subsections to § 2G1.3 focus on aggravating factors other than that the offense involved minor victims).

Indeed, in addition to applying only to offenses that involve minors, § 2G1.3(b)(2)(B) and § 2G1.3(b)(3)(A) reflect other facets of the defendant's conduct unrelated to the victim's age. First, § 2G1.3(b)(3)(A) applies only when the offense involves the use of a computer in the commission of the sex offense. This court has previously held in *United States v. Johnson* that the computer-use enhancement in § 2G1.3(b)(3)(A) is not duplicative of an enhancement for trafficking in child-pornography because "[o]ne can traffic in child pornography without using a computer much like one could commit a robbery without the use

of a gun." 221 F.3d at 93. Applying the same principle, Kohlmeier could have "persuade[d], induce[d], entice[d], coerce[d], or facilitate[d] the travel of" a victim under the age of 12 "to engage in prohibited sexual conduct," § 2G1.3(b)(3)(A), without the use of a computer. Therefore, § 2G1.3(b)(3)(A) targets a separate facet of Kohlmeier's offense conduct—the use of a computer to facilitate the crime—and is not duplicative of § 2G1.3(b)(5).

The same is true of § 2G1.3(b)(2)(B). "By its plain terms, § 2G1.3(b)(2)(B) focuses on a different aggravating factor (undue influence) than … § 2G1.3(b)(5)'s enhancement (minor victim under the age of twelve)." *Arbaugh*, 951 F.3d at 173. Although the commentary to § 2G1.3(b)(2)(B) considers age, explaining that some degree of undue influence can be presumed because of a "substantial difference in age," *see* § 2G1.3(b)(2)(B) cmt. n.3, age disparity is only one indicator of the presence of undue influence in the commission of the crime. *Id.* Returning to the principle articulated in *Johnson*, Kohlmeier could have unduly influenced a minor above the age of 12 as much as he could have unduly influenced a minor below the age of 12. Thus, although both § 2G1.3(b)(2)(B) and § 2G1.3(b)(5) apply only to sex offenses against minors, each implicates different facets of the offense and are not duplicative.

7

In sum, the district court did not unconstitutionally double-count by applying enhancements to Kohlmeier's offense-level pursuant to § 2G1.3(b)(5), § 2G1.3(b)(2)(B), and § 2G1.3(b)(3)(A).

*     *     *

We have considered Kohlmeier's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8