## A04A1103. THE STATE v. WHELCHEL.
### (604 SE2d 200)

MILLER, Judge.

The State appeals from the trial court's grant of Clifton Lamont Whelchel's motion to suppress evidence of the chemical sobriety test results and all non-*Mirandized* statements made by Whelchel in response to the arresting officer's questions. The trial court suppressed the evidence, concluding that there was no articulable suspicion for the initial stop of Whelchel's vehicle. We agree and affirm.

The arresting officer was the only person who testified at the motion hearing. The officer testified that at approximately 4:20 a.m. Whelchel was traveling north on Interstate 85 near the merge with Interstate 985 when he passed the police officer and slowed down. The posted speed limit was 70 mph, and Whelchel slowed to about 60 mph. Whelchel's vehicle was traveling in the left lane, and the police officer was traveling in the center lane five or six car lengths behind Whelchel's vehicle. Two or three vehicles were in Whelchel's lane, traveling a distance behind the police officer. The vehicles slowed down when they got behind the police officer's vehicle. The police officer stated that he did not know if the other vehicles slowed down because they saw a police officer or because Whelchel was impeding the flow of traffic. The officer initiated a traffic stop because Whelchel did not move into the right lane to yield to the traffic behind him.

The officer noticed a strong smell of burnt marijuana in the car and a faint odor of alcohol on Whelchel's breath, and further observed that Whelchel was mumbling or speaking softly, swaying when he stood still, and had bloodshot eyes and dilated pupils. Whelchel admitted to the officer that he had consumed one or two drinks. Whelchel agreed to perform several field sobriety tests, and as a result of these tests the officer determined Whelchel was a less safe driver and arrested him for impeding the flow of traffic and driving under the influence of alcohol and drugs.

On August 25, 2003, the defendant filed a motion in limine to exclude the evidence of chemical sobriety test results and any non-*Mirandized* statements made by Whelchel in response to the arresting officer's questions. At the October 2, 2003 hearing, the trial court granted the motion, finding a lack of articulable suspicion for the initial stop of Whelchel's vehicle. The State appeals.

The State argues the trial court erred in granting Whelchel's motion in limine because the officer had sufficient articulable suspicion to make the initial stop. We disagree.

As the evidence regarding the stop was undisputed, the trial court's application of law to these facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

We review the trial court's decision on the motion to ensure there was a substantial basis for it. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

An officer may conduct a brief investigative stop, but that stop must be justified by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Footnote omitted.) *Terry v. Ohio*, 392 U. S. 1, 21 (III) (88 SC 1868, 20 LE2d 889) (1968). The United States Supreme Court concluded that the totality of the circumstances must be taken into account to determine whether the officer had "a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations omitted.) *United States v. Cortez*, 449 U. S. 411, 417-418 (II) (A) (101 SC 690, 66 LE2d 621) (1981). "The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing." (Citation and punctuation omitted.) *State v. Armstrong*, 223 Ga. App. 350, 352 (2) (477 SE2d 635) (1996).

The arresting officer testified that he stopped Whelchel because he was going ten mph under the posted speed limit and he did not yield to the vehicles behind him, impeding the flow of traffic. OCGA § 40-6-184 (a) provides that:

> (1) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation.
>
> (2) On roads, streets, or highways with two or more lanes allowing for movement in the same direction, no person shall continue to operate a motor vehicle in the most left-hand lane at less than the maximum lawful speed limit once such person knows or should reasonably know that he is being overtaken in such lane from the rear by a motor vehicle traveling at a higher rate of speed, except when such motor vehicle is preparing for a left turn.

The officer testified that he was five or six car lengths behind Whelchel. He further testified that the other vehicles slowed down behind the officer's vehicle, admitting he did not know if the other vehicles slowed down because of the presence of his police vehicle, or because the defendant impeded their progress. The officer stated that the vehicles were at a safe distance behind Whelchel's vehicle and there was nothing preventing the vehicles from maneuvering into the far right lane in order to pass Whelchel.

Although Whelchel was traveling ten mph under the posted speed limit, the closest vehicle was more than six car lengths behind his vehicle. Under these facts, the officer's belief that Whelchel was impeding the flow of traffic was an insufficient basis for initiating an investigative stop. Therefore, the trial court was correct in finding there was no articulable suspicion for the stop and properly granted the motion to suppress. See *Raulerson v. State*, 223 Ga. App. 556, 557 (2) (479 SE2d 386) (1996) (defendant could not have impeded flow of traffic where there was no traffic on the road).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004 —
RECONSIDERATION DENIED AUGUST 30, 2004 — 

*Gerald N. Blaney, Jr., Solicitor-General, Jennifer L. White, Gary S. Vey, Assistant Solicitors-General*, for appellant.
*Lyle K. Porter*, for appellee.

