## A10A0089. THE STATE v. PARKE.
### (695 SE2d 413)

BERNES, Judge.

The state appeals the trial court's grant of the motion to suppress filed by defendant Thomas Melvin Parke, who was arrested

---

following a traffic stop and charged by accusation with several drug and traffic-related offenses. Because the trial court was authorized to find that the police officer who initiated the traffic stop lacked articulable suspicion to believe that Parke was impeding the flow of traffic, we must affirm.

On appeal from the grant of a motion to suppress, we construe the evidence in the light most favorable to upholding the trial court's ruling. *Andrews v. State*, 289 Ga. App. 679, 679-680 (658 SE2d 126) (2008).

> When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal. As a reviewing court, we must accept the factual and credibility determinations and inferences drawn by the trier of fact, even if we disagree with them, as long as there is evidence in the record to support the trial court's findings.

(Citation omitted.) *Slayton v. State*, 281 Ga. App. 650, 651 (1) (637 SE2d 67) (2006).

Viewed in this light, the record shows that on the evening of June 21, 2008, an officer with the City of Morrow Police Department was conducting speed enforcement on the southbound span of Interstate 75 through Clayton County. While in a stationary position on the side of the highway, the officer observed the vehicle driven by Parke traveling in the leftmost of the three southbound lanes. According to the officer, at least two other vehicles moved into the center lane to pass Parke. The officer initially testified that the other two vehicles "were traveling at the speed limit," but then conceded that the other vehicles may have been exceeding the speed limit.

Using a laser speed detection device, the officer measured the speed of Parke's vehicle at approximately 48 miles per hour. The officer, who had not "worked" that traffic location in "awhile," testified that he thought the speed limit was probably 65 miles per hour, but admitted that it may have been 55 miles per hour. The officer explained that the speed limit changed from 55 to 65 miles per hour "right there" at that location. The officer further testified that the posted minimum speed limit was 40 miles per hour.

The officer initiated a traffic stop. When the officer approached the vehicle, Parke apologized for going "a little fast." This unusual response, combined with his nervous demeanor and the constricted dilation of his pupils, made the officer think that Parke might be intoxicated. The officer asked Parke if he had taken any medication, and Parke responded that he had taken two or three pills of

Darvocet, a prescription pain medication, a few hours prior.

The officer asked Parke to exit his vehicle. While standing at the rear of the vehicle, Parke kept looking around in a restless manner and patting his groin area, leading the officer to conduct a pat-down search of Parke's outer clothing. While patting down the groin area of Parke's shorts, the officer felt a "hard cylinder object" that Parke advised was a pill bottle. The officer testified that at that point he said to Parke, "I'm going to let you get that," after which the officer pulled Parke's shorts away from his body and confirmed that "it was in fact a pill bottle." Parke then reached down into his shorts, pulled out the pill bottle, and opened the bottle to show the officer that it contained Darvocet and another prescription pain medication. The officer inquired whether Parke had a doctor's prescription for the pills, and Parke responded that he did not. Parke was arrested as a result.

Following his arrest, Parke was charged by accusation with possession of a controlled substance, possession of a dangerous drug not in its original container, driving under the influence of drugs, and impeding the flow of traffic. He filed a motion to suppress on the grounds that the police officer lacked articulable suspicion to effectuate the traffic stop and performed an illegal pat-down search of his person. After conducting an evidentiary hearing in which only the police officer testified, the trial court granted the motion to suppress on the ground that there was no articulable suspicion for the traffic stop. This appeal by the state followed.

> An officer may briefly stop a vehicle to investigate only if the stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct, that is, by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.

(Citation and punctuation omitted.) *Martin v. State*, 257 Ga. App. 435, 436-437 (571 SE2d 459) (2002). The stop of a vehicle is authorized if the officer observes a traffic offense. *Taylor v. State*, 230 Ga. App. 749, 750 (1) (a) (498 SE2d 113) (1998). The burden is on the state to prove the lawfulness of the stop. See OCGA § 17-5-30 (b); *Kazeem v. State*, 241 Ga. App. 175, 178 (1) (525 SE2d 437) (1999).

The officer testified that he initiated the stop because Parke had impeded the flow of traffic by causing at least two faster vehicles to move into the center lane in order to pass him as he traveled at approximately 48 miles per hour. OCGA § 40-6-184 (a) provides:

> (1) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of

traffic, except when reduced speed is necessary for safe operation.

(2) On roads, streets, or highways with two or more lanes allowing for movement in the same direction, no person shall continue to operate a motor vehicle in the most left-hand lane at less than the maximum lawful speed limit once such person knows or should reasonably know that he is being overtaken in such lane from the rear by a motor vehicle traveling at a higher rate of speed, except when such motor vehicle is preparing for a left turn.

According to the state, the uncontroverted evidence of record shows that the officer had sufficient articulable suspicion to believe that Parke was violating OCGA § 40-6-184 (a) when he made the traffic stop. We disagree.

At the suppression hearing, the officer admitted that the minimum posted speed limit was 40 miles per hour; that the maximum speed limit may have been 55 miles per hour; and that the two vehicles that passed Parke may have been exceeding the maximum speed limit. Although there was conflicting testimony by the officer on these points, it is clear that the trial court resolved the conflict in favor of concluding that there was no articulable suspicion for the traffic stop. And because the trial court sits as the trier of fact on a motion to suppress, "credibility and weight, and the resolution of conflicts within the testimony of a witness, are matters to be determined by [the trial court]," not this Court. *Crosby v. State*, 266 Ga. App. 856, 858-859 (598 SE2d 507) (2004). As such, we will not disturb the trial court's findings based upon conflicting witness testimony that at the time of the traffic stop, Parke was traveling above the posted minimum speed limit and only a few miles below the posted maximum speed limit when his vehicle was passed by two vehicles that were speeding. "Under these facts, the officer's belief that [Parke] was impeding the flow of traffic was an insufficient basis for initiating an investigative stop." *State v. Whelchel*, 269 Ga. App. 314, 316 (604 SE2d 200) (2004).

It is true that OCGA § 40-6-184 (a) (2) "prohibits traveling in the leftmost lane at less than the maximum speed limit when the driver knows or reasonably should know that he is being overtaken by another vehicle." *Gossett v. State*, 199 Ga. App. 286 (1) (a) (404 SE2d 595) (1991). But we do not construe this statutory subsection to apply where, as here, the driver is being overtaken by another vehicle *that is exceeding the maximum speed limit*. In such a context, the other vehicle is not overtaking the driver because the latter is impeding the flow of traffic by traveling unreasonably slow, but rather because the other vehicle is traveling unreasonably fast in

violation of the traffic laws. Clearly, the legislative intent behind the statute was to prevent unsafe slow driving, not to punish drivers for failing to yield the lane to speeders, and we decline to interpret the statute in a manner that would be inconsistent with that intent and would lead to an unreasonable result. See *Reynolds v. State*, 209 Ga. App. 628, 630 (1) (434 SE2d 166) (1993) (a criminal statute should be construed in a manner that is "consistent with genuine legislative intent" and avoids unreasonable and absurd results).

For these reasons, the trial court was authorized to find in light of the conflicting evidence that there was no articulable suspicion for the officer to initiate the traffic stop. Parke's motion to suppress, therefore, was properly granted.

*Judgment affirmed. Barnes, P. J., and Blackburn, J., concur.*

DECIDED MAY 18, 2010.

*Tracy Graham-Lawson, District Attorney, Anece Baxter-White, Assistant District Attorney*, for appellant.
*Lee Sexton*, for appellee.