[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13031
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00459-JOF-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY LAMAR WILCOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 28, 2011)

Before CARNES, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury trial, Larry Lamar Wilcox appeals his conviction for unlawful

possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1), 924(e).  On appeal, Wilcox argues that the district court erred in

denying his motion to suppress, which argued that an Atlanta police officer's use of tag reader technology to read Wilcox's car license plate violated his Fourth Amendment right to be free from an unreasonable search. After review, we affirm.

## I. BACKGROUND FACTS

On January 8, 2007, two Atlanta police officers were on patrol in a marked police car equipped with tag reader technology. The tag reader took pictures of nearby cars and sent them to a computer. The computer matched the pictures against a database, downloaded daily from the Federal Bureau of Investigation, that included information on stolen cars, outstanding warrants, expired registrations and uninsured vehicles.

The tag reader sounded an alert for a car that was being driven by Defendant Wilcox, a convicted felon. The officers confirmed with the Georgia Criminal Information Center that the car's license plate was expired and did not match the car upon which it was affixed. The officers pulled Wilcox over. During a pat-down, officers found a loaded gun in Wilcox's back pocket.

Wilcox filed a pretrial motion to suppress, arguing that the use of the tag reader technology amounted to unconstitutional surveillance that violated his reasonable expectation of privacy. After a hearing, a magistrate judge entered a report and recommendation ("R&R"), recommending that Wilcox's motion to

suppress be denied. The R&R concluded that Wilcox had no expectation of privacy in the license plate, which was displayed in plain view on the public roads.

The R&R, which was filed on December 22, 2009, advised the parties that they had fourteen days to file objections and that the failure to object would limit appellate review to plain error. Neither party filed objections. On January 27, 2010, the district court adopted the R&R and denied Wilcox's motion to suppress. After a trial, the jury found Wilcox guilty. The district court imposed a 180-month sentence. Wilcox filed this appeal.

## II. DISCUSSION

On appeal, Wilcox challenges the denial of his motion to suppress. However, under Federal Rule of Criminal Procedure 59(b)(2), Wilcox waived this challenge because he failed to object to the magistrate judge's R&R.

Under Rule 59(b)(2), a party waives the right to review of a claim if he does not file "specific written objections" within fourteen days of being served with the report and recommendation. Fed. R. Crim. P. 59(b)(2). Waived claims are not reviewed for plain error. United States v. Lewis, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc).

Wilcox did not file any written objections within the fourteen-day period. Therefore, Wilcox waived appellate review of the denial of his motion to suppress.

We note that the magistrate judge's R&R erroneously advised the parties that the failure to object would result in plain error review on appeal. However, even if we were to review for plain error, we would affirm. The Supreme Court has concluded in similar contexts that visual surveillance of vehicles in plain view does not constitute an unreasonable search for Fourth Amendment purposes. See, e.g., New York v. Class, 475 U.S. 106, 114, 106 S. Ct. 960, 966 (1986) (involving inspection of vehicle identification number ordinarily visible from outside vehicle, but which was obscured from plain view by papers). This is true even if the surveillance is aided by the use of technology to augment the officers' sensory faculties. See United States v. Knotts, 460 U.S. 276, 282, 103 S. Ct. 1081, 1086 (1983) (involving use of radio transmitter on container carried in car under visual surveillance to help track transport).

Georgia law requires license plates to be displayed at all times on the rear of the vehicle so that it is plainly visible. O.C.G.A. § 40-2-41. Given the Supreme Court's Fourth Amendment precedent, the district court did not commit plain error in concluding that Wilcox did not have a reasonable expectation of privacy in the plainly visible license plate and that the officers' use of the tag reader in this case did not violate the Fourth Amendment.

**AFFIRMED.**

4