## A11A2361. WARREN v. THE STATE.
(724 SE2d 404)

McFADDEN, Judge.

Jimmie Lee Warren, Jr., was jointly tried with two co-defendants on a charge of trafficking in cocaine. After a jury trial, Warren was convicted of that offense. As detailed below, we find the evidence sufficient to support Warren's conviction. We find no abuse of discretion in the trial court's denial of Warren's motions for mistrial, which he based on assertions that the state had made improper arguments and comments concerning his character. Finally, we find no error in the trial court's denial of Warren's motion to suppress cocaine found in his car. Accordingly, we affirm.

1. A person commits the offense of trafficking in cocaine when, inter alia, he or she is "knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine." OCGA § 16-13-31 (a) (1). Warren contends that the court erred in denying his motion for directed verdict and that the evidence was insufficient to support his conviction for this offense because there was no evidence to show that he was knowingly in possession of cocaine found in his car.

Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d

560) (1979), when an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) Id. at 319 (III) (B). The denial of a motion for a directed verdict of acquittal is also reviewed under this standard. *Slaughter v. State*, 289 Ga. 790, 792-793 (2) (716 SE2d 180) (2011).

So viewed, the evidence showed that during a traffic stop on February 18, 2005, a sheriff's deputy found a package containing 497.1 grams of a mixture with a purity of 48.5% cocaine in a car owned and driven by Warren. Two other people were passengers in the car at the time. The deputy found the package under a back seat cushion in the car, where one of the passengers had been sitting.

Warren concedes that the fact that he owned and had been driving the car gave rise to a presumption that he possessed the cocaine found in it. See *Johnson v. State*, 268 Ga. App. 808, 809 (602 SE2d 840) (2004). Nevertheless, he argues that the evidence was insufficient to support his conviction and that he was entitled to a directed verdict of acquittal under the equal access rule, because the sole evidence of his possession of the cocaine was his ownership and possession of the car and because others had equal access to the part of the car where the cocaine was found. See *Respress v. State*, 267 Ga. App. 654, 655 (1) (600 SE2d 727) (2004).

The equal access rule, however, "is inapplicable when all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of the contraband." (Citations and punctuation omitted.) *Davenport v. State*, 308 Ga. App. 140, 146 (1) (b) (706 SE2d 757) (2011). Because the state charged all three occupants of Warren's car with possession of the cocaine, the state was entitled to rely on the presumption to show that Warren (as the car's owner and driver) exercised possession and control over the cocaine, and Warren was not entitled to rely on the equal access rule to rebut that presumption. See *Ramirez v. State*, 290 Ga. App. 3, 4-5 (1) (658 SE2d 790) (2008).

Warren also argues that there was evidence that he had only recently purchased the car. He cites *Fears v. State*, 169 Ga. App. 172 (312 SE2d 174) (1983), for the proposition that the presumption that a car's owner or driver possessed contraband found therein "does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband." (Citation and punctuation omitted.) Id. at 173 (1). There was evidence in *Fears*, however, that the defendant had been in possession of the car for only four hours before contraband was found therein, id. at 172-173 (1), while there

was evidence here that Warren had purchased his car a month before the discovery of the cocaine. Moreover, there was evidence here that the package containing the cocaine created a perceptible bulge under the back seat cushion. Whether evidence that the car's prior owner had equal access to the cocaine was sufficient to overcome the presumption of Warren's possession was a question for the factfinder. See *Turner v. State*, 277 Ga. App. 205, 207 (1) (626 SE2d 176) (2006). The jury, which had been instructed on the equal access doctrine, was entitled as factfinder to reject Warren's suggestion that the car's prior owner had equal access to the cocaine and to determine instead that the presumption of Warren's possession of the cocaine had not been rebutted. See *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723) (1994).

Accordingly, the evidence was sufficient to authorize Warren's conviction for trafficking in cocaine, and the court did not err in denying Warren's motion for a directed verdict of acquittal. See *Ramirez*, 290 Ga. App. at 4 (1); *Davis v. State*, 270 Ga. App. 777, 779 (1) (607 SE2d 924) (2004); *Cannon*, 211 Ga. App. at 837.

2. Warren argues that the court "erred in failing to grant a mistrial to [him] when improper arguments and comments were made by the State throughout the trial, which impermissibly and prejudicially brought [his] character into evidence." "Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." (Citation and punctuation omitted.) *Belton v. State*, 270 Ga. 671, 672 (2) (512 SE2d 614) (1999).

(a) At several points during the trial, Warren moved for a mistrial but did not renew his motions after the trial court denied the motions but issued curative instructions. Consequently, he cannot complain of the trial court's failure to grant those motions for mistrial. See *Reese v. State*, 289 Ga. 446, 449 (4) (a) (711 SE2d 717) (2011).

In any event, Warren has not shown by the record that in any of these instances a mistrial was essential to the preservation of his right to a fair trial. The trial transcript does not include the remarks made by the state during its opening statement and closing argument that prompted some of the mistrial motions. See *Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108) (1991) (appellant failed to show by the record that trial court abused its discretion in denying motion for mistrial based upon state's remarks in closing argument where transcript did not include text of objected-to remarks). Another of the motions was prompted by testimony elicited by Warren's own counsel on cross-examination. To the extent counsel's question solicited the testimony, Warren cannot complain

480

of it, see *Crozier v. State*, 263 Ga. 866, 868 (3) (440 SE2d 635) (1994), and to the extent the testimony was not responsive to the question, it did not require a mistrial. See *Reese*, 289 Ga. at 450 (4) (a) ("[A] nonresponsive answer that impacts negatively on a defendant's character does not improperly place [the defendant's] character in issue.") (citation and punctuation omitted). Finally, another of the motions concerned the prosecutor's question to a police officer, after that witness had testified about a statement made by one of Warren's co-defendants, whether the officer had ever been lied to by persons who were in custody and charged with "this type of offense." But the witness did not answer the question and, upon objection, the prosecutor withdrew the question and the trial court instructed the jury to disregard it. Under these circumstances, the court did not abuse its discretion in denying the motion for mistrial. See *Berry v. State*, 210 Ga. App. 789, 791 (4) (437 SE2d 630) (1993) (an unanswered question does not furnish grounds for a mistrial).

(b) Warren contends that the state attempted to place his character in evidence "by innuendo" when the prosecutor asked a witness about a bag of marijuana taken from one of Warren's co-defendants. That co-defendant was charged with possession of marijuana. The trial court ruled that the state could not admit the bag of marijuana into evidence because the parties already had stipulated to it, but it overruled Warren's objection to any mention of the marijuana and denied his motion for mistrial. We find no abuse of discretion, given the relevance of testimony about marijuana to the charge against Warren's co-defendant and the court's earlier instruction to the jury that Warren was not charged with possession of marijuana and that "any mention of marijuana [was] not to be considered in any way prejudicial toward [Warren]." See *Miller v. State*, 236 Ga. App. 161, 163 (2) (511 SE2d 552) (1999).

(c) Partway through the state's closing argument, after the state made a reference to marijuana, Warren's counsel stated that he was making a continuing objection, and the court replied, "So noted, and the jury has been instructed." At several earlier points during the trial, including during closing argument, the court had instructed the jury that Warren was not charged with a marijuana offense and that any references to marijuana should not reflect on Warren. When he made the continuing objection during closing argument, Warren's counsel did not articulate the specific nature of the objection or expressly move for a mistrial. Assuming that the objection constituted a motion for mistrial based upon the injection of Warren's character through the state's reference to marijuana in its closing argument, we find no abuse of discretion in the trial court's failure to grant a mistrial. Arguments referring to marijuana were appropriate in the case given that one of Warren's co-defendants was

charged with a marijuana offense and evidence had been introduced on that issue, and the court had clearly and repeatedly instructed the jury that the evidence and argument regarding marijuana related to the co-defendant, not to Warren. See *Miller*, 236 Ga. App. at 163 (2).

(d) Warren argues that other statements made by the state during its closing argument also improperly injected his character into evidence and merited a mistrial. He asserts that the state's closing argument

> ran the gamut of impropriety from making comparisons to other unrelated and prejudicial cases, such as a reference to the Scott Peterson case; blaming the drug problem of Meriwether [C]ounty on [Warren and his co-defendants]; characterizing [Warren and his co-defendants] as sellers of drugs to the jurors' kids, women, husbands, and relatives; and lastly, to a personal attack on Mr. Warren and his attorney, characterizing them as having the demeanor of nervousness, misdirection, and mass confusion.

While we do not condone "any argument that unnecessarily impugns the integrity of opposing counsel, even if obliquely," *Gissendaner v. State*, 272 Ga. 704, 713 (10) (a) (532 SE2d 677) (2000), the record in this case does not reflect that Warren's counsel moved for mistrial based upon the prosecutor's disparaging remarks concerning counsel or based upon any other of the above-enumerated remarks during the closing argument. Nor does the record show that the trial court considered on its own whether to grant a mistrial on account of any of these remarks. "Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court." (Citation and punctuation omitted.) *Kaiser v. State*, 285 Ga. App. 63, 69 (2) (646 SE2d 84) (2007).

3. Warren contends that the trial court erred in denying his motion to suppress the cocaine found during the search of his car. On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on conflicting evidence should not be disturbed if there is any evidence to support them, and its decisions regarding questions of facts and credibility must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). But "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So construed, the evidence showed that a law enforcement

officer observed the car driven by Warren traveling 40 to 50 miles per hour in the fast lane of an interstate highway with traffic backed up behind it, thereby impeding the flow of traffic. He then observed the car abruptly change lanes and begin following another car too closely, before changing back to the fast lane and again impeding the flow of traffic. At that point, the officer initiated a traffic stop. When he approached the car, the officer immediately noticed an odor of burnt marijuana. He also noticed that one of the car's occupants appeared nervous, that Warren and the front seat passenger were "breathing harder than normal" and "would not make eye contact" with him, and that Warren "kept popping the trunk" of the car. The officer told the car's occupants that he "smelled weed inside the car." He also asked the occupants for identification and sought consent to search the car, which Warren denied.

The officer returned to his patrol car and contacted his sergeant; he informed the sergeant that he smelled marijuana in the car but that the driver had refused consent to search, and he requested backup. He then brought a drug detection dog out of his patrol car. The dog indicated the presence of contraband inside the car. The officer then searched the car and found the package subsequently determined to contain cocaine.

Warren argues that the cocaine should have been suppressed because the officer had no articulable suspicion for stopping his car. The officer's testimony, however, authorized a finding that he saw Warren committing the traffic violations for which Warren received either a warning or citation — impeding traffic, OCGA § 40-6-184 (a), and following too closely, OCGA § 40-6-49. "It is axiomatic that a police officer who observes a traffic violation is authorized to conduct a traffic stop of the vehicle in question." (Citations omitted.) *Young v. State*, 310 Ga. App. 270, 272 (712 SE2d 652) (2011). Warren argues we should reverse the trial court's denial of the motion to suppress because he asserts the officer's testimony about witnessing these violations was internally inconsistent. He cites *State v. Parke*, 304 Ga. App. 124 (695 SE2d 413) (2010), in support of this argument. In *Parke,* however, we held that we would *not* disturb the trial court's findings based upon conflicting witness testimony regarding whether the defendant had committed the offense of impeding the flow of traffic. Id. at 127. It was for the trial court, sitting as finder of fact, to gauge the credibility of the officer's testimony that he observed Warren commit a traffic violation; the court found the officer to be credible on this point, and we find no abuse of discretion requiring us to disturb that finding in this case. See *Tate*, 264 Ga. at 54 (1).

Warren also contends that his detention was illegal because it exceeded the scope of permissible investigation for the traffic stop.

See *Sommese v. State*, 299 Ga. App. 664, 668 (1) (683 SE2d 642) (2009) (investigative stop of vehicle cannot be unreasonably prolonged beyond time required to fulfill purpose of stop). We disagree. When the officer smelled marijuana and observed Warren's appearance and demeanor, he had reasonable articulable suspicion to further detain Warren to investigate possible criminal activity. *Bailey v. State*, 283 Ga. App. 365, 368-369 (2) (641 SE2d 548) (2006); *Cole v. State*, 254 Ga. App. 424 (1) (562 SE2d 720) (2002). And both the smell of burnt marijuana in the car's vicinity and the dog's indication of the presence of contraband established probable cause for the officer to believe that Warren was in possession of illegal drugs within his car, authorizing the subsequent search of the car's interior. *Tanner v. State*, 281 Ga. App. 101, 104 (1) (635 SE2d 388) (2006); *Williams v. State*, 273 Ga. App. 637, 638-639 (1) (615 SE2d 789) (2005).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 16, 2012 —
RECONSIDERATION DENIED MARCH 1, 2012 — 

*Virgil L. Brown*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.