[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14560
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00031-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY MACK BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 22, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Johnny Mack Brown appeals his conviction and sentence of 262 months' imprisonment for distribution of cocaine within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1) and 860. He presents three issues on appeal.

## I.

Brown first argues that the district court erred by denying his motion to dismiss the indictment for outrageous government conduct. A magistrate judge issued a report and recommendation (R&R) concluding Brown's motion should be denied. Brown did not object to the R&R. The district court adopted the R&R and denied the motion to dismiss.

Rule 59 of the Federal Rules of Criminal Procedure provides that the failure to object to a magistrate judge's R&R "waives a party's right to review." Fed. R. Crim. P. 59(b)(2). The Advisory Committee explains that the rule's "waiver provision is intended to establish the requirements for objecting in a district court in order to preserve *appellate review* of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's note (2005) (emphasis added). Waived claims are not reviewed on appeal, even for plain error. *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (holding that challenges to defendant's conviction were not reviewable on appeal because defendant waived those challenges by entry of a plea of guilty). Here, Brown waived appellate review of

2

the denial of his motion to dismiss by failing to object to the magistrate judge's R&R.[1]

## II.

Brown argues that there was insufficient evidence to support his conviction due to the substantial evidence presented at trial supporting his entrapment defense.  Brown testified at trial that he only sold cocaine because of the pressure placed on him by an undercover agent.  Brown's pastor and mother testified that Brown had recently exhibited a positive change in character.  Brown contends that this testimony precludes a reasonable jury from finding he was predisposed to distribute cocaine.

We review *de novo* whether evidence presented at trial was sufficient to

---

[1]  Prior to the adoption of Rule 59(b)(2) in 2005, this Court held that a failure to object to a magistrate judge's R&R "limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).  Since the adoption of Rule 59(b)(2), however, panels of this Court have found that a failure to object to a magistrate judge's R&R constitutes a waiver that precludes appellate review.  *See, e.g., United States v. Bowden*, 420 F. App'x 907, 909-10 (11th Cir. 2011) (unpublished) (motion to dismiss); *United States v. Wilcox*, 415 F. App'x 990, 992 (11th Cir. 2011) (unpublished) (motion to suppress); *United States v. Martinez-Barrera*, 348 F. App'x 533, 534 (11th Cir. 2009) (unpublished) (validity of guilty plea before magistrate judge).

We note that even if Brown had preserved this challenge, we would affirm the district court.  "[W]e have never acknowledged the existence of the outrageous government conduct doctrine . . . ." *United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011).  Even if we were to adopt the doctrine, Brown would have to show that law enforcement obtained his conviction for conduct beyond his predisposition by employing methods that violated his due process rights. *Id.* at 1112.  Brown's motion to dismiss did not allege he lacked a predisposition to criminal conduct, or allege how the outrageous government misconduct specifically violated his due process rights.  The district court properly denied Brown's motion to dismiss the indictment.

establish that a defendant was predisposed to commit a charged offense. *United States v. Orisnord*, 483 F.3d 1169, 1177-78 (11th Cir. 2007). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000) (quotation omitted). A defendant who chooses to testify runs the risk that the jury will disbelieve his testimony and conclude that the opposite of his testimony is true. *United States v. Mateos*, 623 F.3d 1350, 1362 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1540 (2011). This risk is especially high when a case turns on subjective elements, such as the defendant's intent or knowledge. *Id.* Thus, statements by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (emphasis removed).

Entrapment is an affirmative defense comprised of two elements: "(1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement." *Orisnord*, 483 F.3d at 1178. Brown produced sufficient evidence of inducement, requiring the Government to prove beyond a reasonable doubt that Brown was predisposed to sell cocaine. *See id.* Because the jury rejected Brown's entrapment defense, our

review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude that Brown was predisposed to take part in the illicit transaction. *United States v. Padron*, 527 F.3d 1156, 1159 (11th Cir. 2008).

The evidence at trial was sufficient to show Brown's predisposition to distribute cocaine. An undercover agent testified that he had never met Brown before the cocaine sale and that Brown was the one who initiated the sale with him. Although Brown's later testimony contradicted the agent, the jury apparently credited the agent's testimony over Brown's. *Nolan*, 223 F.3d at 1314. We affirm Brown's conviction.[2]

### III.

Finally, Brown challenges the substantive reasonableness of his sentence. We review the reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc), *cert. denied*, 131 S.Ct. 1813 (2011). Brown has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "A

---

[2] In his reply brief, Brown contends he was entitled to a spoilation instruction. Because Brown presented this argument in both a cursory manner and only in his reply brief, we treat the argument as waived. *United States v. Lopez*, 649 F.3d 1222, 1246 (11th Cir. 2011); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191. Although we do "not automatically presume a sentence within the [G]uidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation and ellipsis omitted).

The district court did not abuse its discretion. Brown's Guideline range was 262 to 327 months. The district court considered Brown's arguments and the § 3553(a) factors, determined that a downward variance was not warranted based on the seriousness of Brown's criminal history, and sentenced Brown to 262 months' imprisonment. The district court's failure to give mitigating factors the weight Brown contends they deserve does not render his sentence unreasonable. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). We affirm Brown's sentence.

IV.

For the reasons stated above, we reject Brown's challenges to his conviction and sentence. The judgment of the district court is affirmed.

**AFFIRMED.**