**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 21, 2013**

# In the Court of Appeals of Georgia

A13A0405. HILL v. THE STATE.

MILLER, Judge.

Following a stipulated bench trial, Michael Jermaine Hill was convicted of possession of less than one ounce of marijuana (OCGA § 16-13-30 (j) (1)), driving with a suspended license (OCGA § 40-5-121 (a)), and driving a motor vehicle with improper registration (OCGA § 40-6-15 (a)). Hill appeals, contending that the trial court erred in denying his motion to suppress on the ground that the officer lacked sufficient justification to conduct the traffic stop. We discern no error and affirm.

On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on conflicting evidence should not be disturbed if there is any evidence to support them, and its decisions regarding questions of facts and credibility must be accepted unless clearly erroneous.

(Citation and punctuation omitted.) *Warren v. State*, 314 Ga. App. 477, 481 (3) (724 SE2d 404) (2012).

So viewed, the evidence shows that on August 9, 2010, a police officer was patrolling a two-lane highway in Fayette County in a patrol car equipped with License-Plate Recognition ("LPR") cameras. The LPR cameras automatically read license plate tags and reference the National Crime Information Center ("NCIC") database to determine if a vehicle is stolen or if a missing or wanted person is connected to the vehicle. As the officer drove down the highway, the LPR system alerted to a vehicle on the opposite side of the highway, and the system gave the officer a "screen shot" of the vehicle's tag. The screen shot showed the vehicle's license number, the make and model of the vehicle — a black Nissan Sentra, where the vehicle was registered and information that a wanted person could be driving the vehicle.

The officer turned his vehicle around, got behind the Nissan Sentra and visually confirmed the tag number. The officer then gave the tag information to his dispatcher and conducted a traffic stop. When the officer approached the vehicle, Hill rolled down the window. The officer noticed a strong odor of burnt marijuana coming

from inside the vehicle, and a small infant in the back seat. When the officer asked for Hill's driver's license, Hill informed the officer that his license was suspended. The dispatcher confirmed that the vehicle's registration had been suspended, and that Hill was known to drive the vehicle, although he was not the registered owner.

The officer called for backup and arrested Hill for driving on a suspended license. The officer then asked for and received Hill's consent to search the vehicle. During the search, the officer found a partially-smoked marijuana cigarette under the ashtray in the vehicle's center console.

Hill was subsequently charged with possession of less than one ounce of marijuana, driving on a suspended license, and driving on an improper registration. Hill moved to suppress all evidence seized during the traffic stop on the basis that he committed no crime that would justify the stop, and any probable cause to detain him should have dissipated upon the officer's discovery that he was not the vehicle's owner. Following a hearing, the trial court denied Hill's motion to suppress. The trial court specifically found that the LPR system provided the officer with a reasonable and articulable suspicion to believe that there was a wanted person in the vehicle which justified the stop.

In his sole enumeration of error, Hill contends that the traffic stop was not justified.[1] We disagree.

Stopping and detaining a driver to check his license and registration is appropriate when an officer has a reasonable and articulable suspicion that the driver or the vehicle is subject to seizure for violation of the law. See *Humphreys v. State*, 304 Ga. App. 365, 366 (696 SE2d 400) (2010). Moreover, visual surveillance of vehicles in plain view does not constitute an unreasonable search for Fourth Amendment purposes, even if the surveillance is aided by an officer's use of a license plate tag reader, because a defendant does not have a reasonable expectation of privacy in a plainly visible license plate. See *Hernandez-Lopez v. State*, 319 Ga. App. 662, 664 (1) (738 SE2d 116) (2013).[2]

Here, the officer based the stop on the information he received from the LPR system, as well as his personal observation of the vehicle's tag to confirm that the

---

[1] We note that, at the hearing on Hill's motion to suppress, the issue of whether the LPR system can be utilized to perform random checks of motorists otherwise lawfully driving on the roadway was neither raised nor addressed.

[2] See also *New York v. Class*, 475 U. S. 106, 114 (III) (B) (106 SC 960, 89 LE2d 81) (1986) (there is no reasonable expectation of privacy in objects which are required by law to be placed in plain view from the exterior of an automobile); *United States v. Wilcox*, 415 Fed. Appx. 990, 992 (II) (11th Cir. 2011) (visual surveillance of vehicles in plain view does not constitute an unreasonable search).

LPR alerted to the correct tag number. The information from the LPR system was similar to the information an officer retrieves when running vehicle tag information through the Georgia Crime Information Center ("GCIC"). See *Humphreys*, supra, 304 Ga. App. at 367 (upholding an initial traffic stop based on information from the GCIC that the driver of the vehicle in question was possibly operating the vehicle with a suspended driver's license).[3]

Although the officer could not recall whether dispatch informed him that the vehicle's registration was suspended before or after he approached the vehicle, the officer had reasonable articulable suspicion to conduct a traffic stop based on the alert and information the officer received from the LPR system showing that a wanted person could be driving the vehicle. See *Hastings v. State*, 211 Ga. App. 873, 874 (2) (441 SE2d 83) (1994) (ruling that information that a vehicle had been reported stolen provided sufficient articulable suspicion for a traffic stop, even though that information was later determined to be inaccurate); *Self v. State*, 245 Ga. App. 270,

---

[3] See also *Rodriguez v. State*, __ Ga. App. __, *6-7, n1 (Case No. A12A2397, decided April 12, 2013) (per curiam decision noting that LPR system information connecting wanted person with vehicle authorized traffic stop). Compare *State v. Dixson*, 280 Ga. App. 260, 263 (633 SE2d 636) (2006) (holding that database information showing that vehicle's insurance status was unknown did not create reasonable suspicion of criminal activity because law enforcement cannot stop a vehicle solely to check its insured status).

274 (3) (a) (537 SE2d 723) (2000) (ruling that information showing that vehicle's license plate was registered to another vehicle supported initial stop).

Since the officer had authority to initiate the stop, he was entitled to approach the vehicle and request Hill's license. See *Salmeron v. State*. 280 Ga. 735, 737 (632 SE2d 645) (2006). When Hill informed the officer that his license was suspended, the officer had probable cause to arrest him. See *Grimes v. State*, 303 Ga. App. 808, 811 (1) (a) (695 SE2d 294) (2010). Moreover, Hill consented to the search of the vehicle. Accordingly, the trial court did not clearly err in denying Hill's motion to suppress.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*