**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2017**

# In the Court of Appeals of Georgia

A16A1491. TOOLE v. THE STATE.

MCMILLIAN, Judge.

Kenneth Toole appeals the trial court's denial of his motion to suppress on the ground that police lacked reasonable, articulable suspicion to justify a traffic stop of his vehicle. We disagree and affirm.

In *Hughes v. State*, 296 Ga. 744 (770 SE2d 636) (2015), our Supreme Court explained what standard of review appellate courts should apply when reviewing the denial of a motion to suppress. As an overarching principle, "[w]hen the facts material to a motion to suppress are disputed, it generally is for the trial judge to resolve those disputes and determine the material facts." Id. at 746 (1). From this principle, the Court identified three corollaries:

First, an appellate court generally must accept those findings unless they are clearly erroneous. Second, an appellate court must construe the evidentiary record in the light most favorable to the factual findings and judgment of the trial court. And third, an appellate court generally must limit its consideration of the disputed facts to those expressly found by the trial court.

(Citations omitted.) Id.

So viewed, the record reveals that on March 26, 2015, Officer Timothy Charles Scott of the Douglas County Sheriff's Office, was on duty and monitoring traffic on Interstate 20 ("I-20"). As Officer Scott was traveling in the middle lane of the three-lane eastbound side of the interstate, he saw Toole's car in his rear view mirror in the left passing lane traveling at what appeared to be around 65 mph, five miles below the posted maximum speed limit of 70 mph. He could also see traffic stacking up behind the car and other cars passing it in the middle lane. As the officer slowed his patrol car, Toole stayed in the left lane and passed him. Although the middle and right lanes were open, Toole made no attempt to move to the right although he could have safely done so. The officer gauged Toole's speed to be 68 mph at the time he passed

2

the patrol car.[1] Officer Scott testified that he believed that the vehicle was in violation of two Georgia statutes, OCGA §§ 40-6-40 and 40-6-184, because the car was traveling below the maximum speed, but not staying to the right. As a result, the car was holding up traffic, forcing other drivers to pass on the right. Based on these observations, the officer initiated a traffic stop.

Officer Scott subsequently issued Toole traffic citations for violating OCGA § 40-6-40 (b) for failing to drive on the right side of the roadway and OCGA § 40-5-121 for driving with a suspended license. A subsequent accusation charged Toole with those two violations, as well as possession of less than an ounce of marijuana under OCGA § 16-13-30 (j) and possession of drug-related objects under OCGA § 16-13-32.2. Toole filed a motion to suppress, seeking to exclude any evidence obtained as a result of the traffic stop on the ground that Officer Scott lacked a sufficient basis to stop his vehicle. The trial court denied the motion to suppress,

[1] Although the State introduced a copy of the traffic stop video at the motion hearing as State's Exhibit 1, the first copy transmitted in the record was blank. This Court asked for and received from the trial court clerk another copy of the exhibit. The second copy appeared to have data transferred onto the disk, but it would not play. Therefore, we were unable to consider the video evidence on appeal. We take this opportunity to remind counsel that appellant, and not this Court, bears the burden of ensuring that the record is complete on appeal. *Janasik v. State*, 323 Ga. App. 545, 553 n.3 (746 SE2d 208) (2013).

finding that the officer believed in good faith that a traffic violation occurred even though the trial court found that as a matter of law there was no actual violation. This appeal followed.

"For a traffic stop to be valid, an officer must identify specific and articulable facts that provide a reasonable suspicion that the individual being stopped is engaged in criminal activity." *Jones v. State*, 291 Ga. 35, 38 (2) (727 SE2d 456) (2012). "This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Citation omitted.) *State v. Melanson*, 291 Ga. App. 853, 854 (663 SE2d 280) (2008). However, a police officer is not required "[to] know with certainty that each element of a particular crime could be established." (Citation omitted.) *State v. Zeth*, 320 Ga. App. 140, 141 (739 SE2d 443) (2013). Rather,

> [i]f the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute.

(Citation omitted.) Id. at 141-42.

4

OCGA § 40-6-40 (b) provides that:

[u]pon all roadways, any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

Here, the officer testified that Toole's car was traveling below the posted speed limit[2] in the left passing lane, even when it was not "overtaking and passing another vehicle" and not "preparing for a left turn at an intersection or into a private road or driveway." From these facts, the officer formed the belief that Toole had violated OCGA § 40-6-40 (b). We find that under the facts and circumstances of this case as testified to by the officer and applying the proper standard of review, the officer identified specific and articulable facts supporting a reasonable suspicion that Toole had violated OCGA § 40-6-40 (b).

---

[2] Although Toole makes much of the fact that the officer testified that Toole was traveling only two miles below the speed limit, the statute does not speak in terms of posted speed limits, but rather addresses vehicles traveling "at less than the normal speed of traffic at the time and place and under the conditions then existing" and requires such vehicles to keep to the right.

Although the trial court found that no violation of OCGA § 40-6-40 had occurred based on a technical reading of the statute, it upheld the traffic stop based on Officer Scott's good faith belief that such a violation had occurred. The trial court found "no evidence that [Officer Scott's] beliefs were anything but bona fide," and "it was for the trial court, sitting as finder of fact, to gauge the credibility of the officer's testimony that he observed [Toole] commit a traffic violation." (Citation and punctuation omitted.) *Shell v. State*, 315 Ga. App. 628, 630 (1) (727 SE2d 243) (2012).

Toole does not contest these findings, urging instead for us to apply the reasoning in *State v. Parke*, 304 Ga. App. 124, 127 (695 SE2d 413) (2010) and *State v. Whelchel*, 269 Ga. App. 314, 316 (604 SE2d 200) (2004). Each of those cases is factually similar in that each involves a driver traveling slightly below the speed limit, with traffic behind them. *Parke*, 304 Ga. App. at 125 (driver traveling 48 mph in left lane of a 55- to 65-mph speed zone); *Whelchel*, 269 Ga. App. at 314 (driver traveling 60 mph in left lane of a 70-mph speed zone). But both *Parke* and *Whelchel* are materially distinguishable because both appeals were from the *granting* of the defendants' motion to suppress and dealt with violations of OCGA § 40-6-184, not

6

OCGA § 40-6-40.[3] On this denial of a motion to suppress, we must construe the facts to uphold the trial court's judgment. See *Hughes*, 296 Ga. at 746. Accordingly, applying the appropriate standard of review, we cannot say under these circumstances that the trial court erred in denying Toole's motion to suppress.

*Judgment affirmed. Miller, P. J., and McFadden, P. J., concur.*

---

[3] Toole was not charged with a violation of OCGA § 40-6-184 in this case, but the State argued at the motion to suppress hearing that a violation of this statute was grounds for the traffic stop. However, we need not address the application of that statute here as we have found that Officer Scott's good faith belief that Toole had violated OCGA § 40-6-40 was sufficient to support the traffic stop.